MATTHEWS & WILLARD MFG. CO. v. AMERICAN LAMP & BRASS CO. et al. (three cases).

(Circuit Court, D. New Jersey. July 18, 1900.)

1. PATENTS—ORIGINALITY OF DESIGN—LAMP BASE.
The Miller design patent, No. 23,672, for a new design for bases for lamps, is void for want of originality.

2. SAME—DESIGNS—PATENTABILITY.
A patented design must be viewed and considered as a whole, and originality and novelty will not be denied it because elements or component parts of the design are old, if as a whole it produces a new and pleasing impression on the æsthetic sense.

3. SAME—DESIGN FOR LAMP BASE.
The Miller design patent, No. 23,673, for a new design for bases for lamps, held not anticipated, valid, and infringed.

4. SAME.
The Miller design patent, No. 23,674, for a new design for bases for lamps, is void for want of originality and prior use.

In Equity. These were three suits between the same parties for infringement of three several design patents. On final hearing.

Charles L. Burdett, for complainant.
John Dane, Jr., for defendants.

GRAY, Circuit Judge. These suits are based on the alleged infringements of United States letters patent for new designs for bases for lamps, Nos. 23,672, 23,673, and 23,674, granted October 2, 1894, on applications filed August 24, 1894, to John C. Miller, assignor of entire interest to the Matthews & Willard Manufacturing Company, of Waterbury, Conn., the complainant herein. The defendants are the American Lamp & Brass Company, W. R. Whitehead, F. B. Clark, Charles Clark, and Peter K. Clark, of Trenton, N. J. These suits were brought at the same time, and, by stipulation of counsel, testimony in them all was taken at the same time, as most of that taken in one suit was applicable to the others. They have been argued together, but will now be considered and disposed of separately.

First, as to case marked "A" in the record; the patent in suit being

No. 23,672. The organization of the complainant corporation in Connecticut in 1890, its subsequent existence under charter obtained in 1893, and the assignment of the patent in suit to complainant have been proved by testimony of witnesses. The answer filed in the case sets up the usual defenses, but the greatest stress has been put upon the defense of prior use. The Miller patent, No. 23,672, in suit, is for a design for a lamp base, which is a complete structure, although commonly used in the art as a part only of a lamp of a style which includes a base, a column or standard, and a font holder, as the support for the oil font which carries the burner, chimney, and shade. The specifications and claim are as follows:

"To All Whom It may Concern: Be it known that I, John C. Miller, of Waterbury, in the county of New Haven and state of Connecticut, have invented a new design for bases for lamps; and I do hereby declare the following, when taken in connection with the accompanying drawing and the letters of reference marked thereon, to be a full, clear, and exact description of the same, and which said drawing constitutes part of this specification: The figure is a perspective view of a base for lamps, embodying my design. My invention relates to a design for bases for lamps, and consists in the configuration and ornamentation as hereinafter described and shown in the accompanying illustration. The base consists of four legs, terminating in claw feet, A, from which rise reversely curved scrolls, B, C, D, which are united at their tops by a plain band, E, from which arises a contracted ribbed surface, F, which terminates in a plain band, G. Between each of the legs is a shield-like ornamentation, H, surrounded by scroll and floral ornamentations, which merge into legs on either side, and above each shield is an ornamental scroll, I. I claim the design for a base for lamps, as herein described and shown."

The defendants allege the prior use of the design in controversy by the Clark Bros. Lamp, Brass & Copper Company, the predecessors of the defendant company, as early as April or May, 1892. This is the principal issue in the suit in relation to patent No. 23,672. The testimony relating to it adduced on either side is absolutely contradictory of and opposed to that adduced on the other, and entirely irreconcilable. Complainants, in addition to their prima facie proofs, adduce the testimony of John C. Miller, the patentee of patent No. 23,672, and designer and superintendent of the complainant company in the early part of the year 1893. Miller had then had about 17 years' experience as a designer in this line. He testifies that: He first "made a drawing of the design on paper"; then gave Edward Schmitz, modeler for the company, "instructions as to the execution of the design." The modeler "carved the design in plaster," and the original model is in evidence as Complainant's Exhibit Plaster Model No. 1. This model "was sent to the foundry, and a metal casting made of it"; this cast-

ing being filed and fitted to have both sides correspond in outline correctly for to take duplicate casts of. Four castings in duplicate were then made and sent to the pattern department, where "they were brazed together, making a complete base. They were then sent to the model maker [Henry Stevens, in Hoboken, N. J.], to have mold made of same. When the mold was finished, they were then cast in the spelter foundry in spelter." "Q. 17. What did Mr. Stevens do about making of a mold of a lamp base of that design? A. He made the plaster sections with caps and gate,—a complete mold. It was then cast in bronze, and afterwards chased by him, and shipped to the Matthews & Willard Manufacturing Company, at Waterbury, finished." Miller further testifies that the sample lamp base of the patented design in evidence as Complainant's Exhibit Specimen of Lamp Base of Patent No. 23,672 is of complainant's make, and is from the regular stock. Edward Schmitz says: He is a designer and molder for complainant company, of 40 years' experience. Identifies the plaster model No. 1 as of his make. That he made it in the spring of 1893 from a drawing which he saw Miller at work on at his desk, within six feet of where Schmitz was at work; and, further, that when Miller made the drawing he did not have before him any lamp base or any other drawing. Thomas H. Omer, a brass finisher in the employ of the complainant company for 18 years, identifies the plaster model No. 1 as one he saw Schmitz working on in the early part of 1893, and that he saw Miller sketching. He also testifies that lamp bases of this design were made by "hundreds, thousands, perhaps," at the Matthews & Willard Manufacturing Company factory; that he knew of it, because "it was my business to order the castings, see that they were finished in the different departments until the thing was finally constructed and finished, and ready for finish." John F. Murden, foreman of the lamp and table department for complainant, identifies the plaster model No. 1 as one he saw Schmitz working on in the designing room of the Matthews & Willard Manufacturing Company in the early part of 1893. He testifies that the lamp bases of this design were known at the factory as "No. 490"; that he shipped lamp bases of this design from the factory first about the middle of April, 1893; that his regular occupation took him to the designing room. Charles H. Skilton, a clerk for about eight years in the employ of complainant, testifies that he recognized Complainant's Exhibit Plaster Model No. 1 as a design for "a quarter section of a lamp base" which he first saw in the early part of 1893; that he made an estimate of the cost of this, "No. 490, banquet lamp," as shown by his estimate sheet in evidence, as "Complainant's Exhibit Skilton Estimate Sheet, No. 490, Lamp." Henry Stevens, the mold maker, who in 1893 resided in Hoboken, N. J., testifies that he first saw this design of lamp base of patent No. 23,672 in the early part of 1893, when the pattern was sent to him by Mr. Miller, designer and superintendent of the Matthews & Willard Manufacturing Company; that he made a plaster mold of it, and returned that to the company, to have one cast in metal, which was sent to him afterwards, to be chased, fitted, and returned.

On the other hand, defendants produce a photograph of a lamp, the base of which is so precisely similar to that of the base of the patent

in suit that it is impossible to believe that they were made after independent and original designs, or that the fact is otherwise than that the one was copied from or suggested by the other. The impression made upon the ordinary observer is that the two designs are precisely alike, —the only exception, and that hardly one to be made by an ordinary observer, is the absence of the fluted or ribbed collar, F, which crowns the top of the design. Other differences which could be pointed out by an expert are so minute as to elude ordinary observation. This photograph, defendants allege, as made as early as April or May, 1892,— a full year before Miller, the patentee of the patent in suit, according to his own statement, made the design of his lamp base, two years and a half before the patent was granted, and two years and four months before application for the same was made. If this allegation of defendants be true, it is charitable to say that Miller is mistaken in his testimony as to his originating the design in question, and that the patent must be declared void for want of the originality required by the statute.

The defendant company was incorporated about January, 1893, becoming the successor of, and composing or embracing, the Clark Bros. Lamp, Brass & Copper Company, which had previously absorbed the McLewee Manufacturing Company, an old lamp-manufacturing concern of New York, about or prior to the year 1891. Just prior to the incorporation of defendant company, the Clark Bros. Lamp, Brass & Copper Company took in the Swann-Whitehead Manufacturing Company, of Trenton, N. J., another lamp-manufacturing company; and the companies, thus combined, reorganized as, and adopted the title of, the American Lamp & Brass Company, which is the defendant in this suit. In support of the allegation referred to, defendants produced as witnesses P. K. Clark (vice president of defendant company), Charles Clark (a merchant and dealer in lamps for 29 years), W. S. McLewee (of the Swann & McLewee Manufacturing Company), Peter K. Clark, C. M. Sheridan, and Edgar Woolston, all of whom testified that lamps with bases like Fig. 691, shown upon Defendant's Exhibit Illustrated Sheet No. 1, were made by defendants and sold in quantities in 1892, about a year before Miller claims to have made the design shown in patent No. 23,672; and they all recognized the photograph in question, marked, "Defendant's Exhibit Illustrated Sheet No. 1," as correctly representing the base of the lamp so testified to by them, and two of the Clarks, Swann, and Woolston testified positively to their knowledge of the fact that this colored photograph, No. 691, on Defendant's Exhibit Illustrated Sheet No. 1, was taken by a photographer, in the rooms of the Clark Bros. Lamp, Brass & Copper Company, prior to May, 1892, and they give reasons for so specifying the time. Among these reasons is the fact testified to by them that these photographs, with others of their stock in hand, were taken in the spring, prior to the formation of the defendant company, and that they were taken early enough in that spring to allow the photographs to be used by the traveling salesmen who went out on the road prior to May 15th each year. Complainant seeks to break the force of this testimony by three witnesses,—Swann, Amelia, and Ginder. It is not worth while to allude more particularly to the testimony of

these witnesses, than to say that in some respects they do not directly contradict the testimony of the witnesses produced by defendant, and that, so far as they do, they have been so impeached by the disclosure of hostile feelings towards the defendant, and by contradictory statements, that their testimony in this regard is deprived of any weight when opposed to that of the unimpeached witnesses of the defendants on this point. The testimony on both sides is somewhat voluminous, and all the witnesses were subjected to rigid cross-examination by the able counsel who represented the respective parties litigant at the hearing. The question is altogether one of fact, resting upon this testimony, and must be determined as such. No useful purpose would be accomplished by quoting this testimony at length. It will suffice to say that the court, after a careful reading and examination of all the testimony, has come to the conclusion that the largely preponderant weight thereof is upon the side of the defendants, and that the defense has been established by them that the design of the patent in suit had been displayed and in use in the lamp trade as early as May, 1892. As this was at least a year before it is claimed by complainant that the design of the Miller patent was originated, and more than two years before the application for the patent in suit was filed, said patent No. 23,672 must be declared void for want of novelty and originality, and the bill of complainant in respect thereto must be dismissed.

## Case B.

In the second of the cases above stated, the same complainant charges the same defendants of infringement of letters patent No. 23,673, of October 2, 1894, for a design for lamp bases. The defendants, by their answer, deny infringement, deny the validity of the patent, deny novelty, and allege anticipation by numerous prior designs for lamp bases and illustrations, containing all of the substantial and material parts of the supposed invention for which the patent in suit was granted. Defendants, also, by their answer, admit the manufacture and sale of lamps provided with bases similar to those patented by Miller, the assignor of the complainant, and allege that they made and sold lamps, with bases substantially like those of the patent upon which the present suit is based, as early as May, 1892. The witnesses on both sides were the same as those produced in Case A, just considered, in regard to patent 23,672. Complainant has produced in evidence an exhibit of the lamp base manufactured by them under the patent in suit; also, a lamp base bought at defendants' store in New York in December, 1894, which is admitted to be exactly similar to the lamp base of the patent in suit. Defendants, on their side, have produced a number of photographs and drawings which illustrate lamp bases alleged by them to be similar to that of the patent in suit, or at least suggestive of the design of that patent. The witnesses in their behalf testified that lamps with bases like those illustrated by the drawings, and shown in the lamp-base exhibits, were manufactured and in use by the Clark Bros. Lamp, Brass & Copper Company prior to May, 1892, and largely sold by them to the trade; but they do not clearly tes-

tify, much less prove, that a lamp base such as the one put in evidence by complainant, and marked "Complainant's Exhibit Specimen of Defendants' Manufacture," and admitted to be exactly similar to the design of the patent in suit, was ever manufactured, sold, or in use prior to the date of the complainant's patent. A careful examination of defendants' exhibits, and the testimony adduced relating thereto, has not convinced the court that the assignor of the complainant did not, in the patent in suit, by his own genius, produce an original design, or that the state of the art as shown by defendants deprives said design of novelty. A patented design must be viewed and considered as a whole, and originality and novelty will not be denied to it because elements or component parts of the design are old. The philosophy of the rules applicable to a patent for a combination in the mechanical art applies to a patent for a design. A combination of elements that are old is patentable, if it produce a new and useful result as the product of the combination; and a design which avails itself of suggestions old in art is patentable if, as a whole, it produce a new and pleasing impression on the æsthetic sense. Lack of novelty or originality in a design cannot be successfully alleged, unless, to an intelligent general observer interested in the subject, it has the same appearance as that of some design previously produced. We can find no such design in this case, after a careful examination of the exhibits in evidence on the part of the defendants. In this view of the case, the design of the patent in suit must be declared valid, and the infringement thereof established. A decree as prayed for in the bill will be entered.

### Case C.

The assignor and patentee is the same as in the other two cases, A and B, and the date of the patent is the same,—October 2, 1894. The specifications and claim are as follows:

"My invention relates to a design for bases for lamps, and consists in the configuration and ornamentation as hereinafter described and shown in the accompanying illustration. The base of this design is of tripod character; each of the three legs, A, consisting of large scroll ornamentations, which near the center extend inward, and are united by a band, D, which supports the body proper; the ornamentation of the body consisting of a plain ring, C, and a concave plain band, D, at the top, below which the body is expanded,

forming a convex surface, which is ornamented by a series of scroll and leaf-like ornamentations, interspersed by plain surfaces or shields, E. Between the ornamented portion of the body and the band, B, is a plain concave band, F, and below the band, B, the body terminates in an ornamental flange, G. I claim the design for a base for lamps, as herein described and shown."

Complainant made the same prima facie proofs as in the former cases, producing as an exhibit a lamp base bought from defendants in 1894, which is admitted to be substantially the same design as that of complainant's patent. The same proofs as in the other cases are submitted by complainant, as to the design being original with Miller, and it being made in the early part of the year 1893. To support their defense that a lamp base substantially like that of the design of the patent in suit was made, used, and sold by them more than two years prior to the date of the application for the patent in suit, defendants produce the same witnesses as in Case A. P. K. Clark, Edgar Woolston, Frank B. Clark, and Charles Clark all testify positively, and as of their own knowledge, that the lamp bases alleged to be infringements of design patent No. 23,674 were made and sold by the Clark Bros. Lamp, Brass & Copper Company in 1891 and 1892, and that the Clark Bros. Company also had them in their wholesale store in Trenton in 1892. These witnesses were all subjected to a rigid cross-examination, which failed to weaken their testimony in any respect. Their recollection as to the years 1891 and 1892, in which they say they saw the lamps with bases similar to the exhibit of defendants' manufacture, was fixed, naturally enough, by the fact that in 1891, or just prior thereto, the McLewee Lamp Company was absorbed into the Clark Bros. Lamp, Brass & Copper Company, and that in 1893 the latter company was merged in the defendant company. Their recollection was also fixed by other circumstances naturally tending to do so, and severally testified to by them. It is also in testimony that McLewee brought legs of a lamp base exactly similar to those of the patent in suit, from New York, from the effects of the McLewee Manufacturing Company, early in 1891. An exhibit of one of these legs said to have been so brought is in the case. On inspection, it is identical with the legs of the patent in suit. It does not detract from the identity, so far as the question before the court is concerned, that the legs in the defendants' structure are attached to the base in a position exactly the reverse of that of complainant's. The design is the same. As in Case A, so in this case, there can be no doubt that one of these designs was copied from the other. Having a common origin, the ownership of the original idea is to be determined. A careful consideration of the testimony pro and con has brought the court to the conclusion, as in Case A, that the defendants' testimony, positive and direct as it is, has not been successfully controverted by the complainant, and therefore that patent 23,674 is void, because of the manufacture, use, and sale of like lamp bases by the Clark Bros. Lamp, Brass & Copper Company in 1891 and 1892,—more than two years prior to the date of the application upon which Miller secured his patent. The bill in this case must therefore be dismissed, with costs.