**WITTEN et al. v. OAK RUBBER CO.**

(Circuit Court of Appeals, Sixth Circuit. March 11, 1926.)

No. 4471.

1. **Patents ☞328.**

Patent No. 1,484,919, claims 3, 4, 8–10, for process for coloring rubber in toy balloons, etc. *held* invalid for lack of invention.

2. **Patents ☞36—Commercial success of process, though entitled to weight, if patentability is in doubt, is insufficient to show invention.**

Commercial success of process, though entitled to weight, if patentability is in doubt, is insufficient to show invention, where maker did what others skilled in industry could do without experimentation.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Arthur P. Witten and another against the Oak Rubber Company. Decree for defendant, and plaintiffs appeal. Affirmed.

Floyd E. Shannon, of Akron, Ohio, for appellants.

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. This is a suit for infringement by defendant of United States letters patent 1,484,919, issued to the plaintiff February 26, 1924. Claims 3, 4, 8, 9, and 10 are involved, and the defense is invalidity for lack of patentable novelty. The patent is for a process for coloring rubber, and as related to the facts in this case toy rubber balloons.

[1] The primary object of the invention, as set out in the specifications, is to provide a new and improved process whereby a lasting bronze or gold color may be imparted to rubber, and thereby to provide means whereby toy balloons having a color resembling the color of gold may be economically produced; but a further object, as stated, is to produce a rubber balloon or other rubber article having a metallic sheen, which is particularly desirable in the manufacture of black balloons used for simulating heavy weights. The process consists in thoroughly mixing powdered aluminum with raw rubber and coloring the resultant product; as applied to the toy balloon and more definitely stated, of mixing crude rubber with powdered aluminum, dissolving the combined product in a suitable solvent, such as naphtha, successively dipping a balloon form in the solution until the balloon is built up, and then dyeing the balloon and subjecting it to vulcanization. As alternatives, the dye may be milled into the crude rubber and aluminum, placed in the cement or solvent, or applied after vulcanization.

The silver balloon is made by the milling of powdered aluminum into the crude rubber. The process which Witten claims to have discovered consists of coloring the silver balloon as indicated. Claim 3 provides for the use of any color. Claims 4, 8, 9, and 10 are restricted to a yellow coloring. This process, as we have seen, may be practiced by dipping the silver balloon in dye before or after vulcanization, by putting the dye in the cement, or using it in the milling stage. It was old to use colors, including yellow or orange,

in dyeing balloons, and similarly to use aluminum in making the silver balloon. What Witten has done, therefore, is to dye the silver balloon in any one of several ways, all of which were old. Neither the doing of this nor the point at which it is done amounts to invention, for as to the latter, according to the specifications, the different orders of introduction are the equivalent one to the other.

[2] The evidence shows that others, when asked to make a gold-colored balloon, succeeded in doing it at the first attempt by the same process, without having any knowledge of what Witten had done. It is true that he was the first to produce an attractive balloon of the color of gold. It found a ready market, but its commercial success, while entitled to weight if there is doubt as to patentability, is not of itself sufficient to show invention where, as here, the maker did what others skilled in the industry could do without experimentation.

Judgment affirmed.