**CROZIER–STRAUB, Inc., et al. v. REITER.**

District Court. E. D. Pennsylvania.
September 9, 1929.

No. 3335.

George S. Wolbert, Howard M. Long, and Chas. L. Pierce, all of Philadelphia, Pa., and Chas. M. Clarke, of Pittsburgh, Pa., for plaintiffs.

Saul, Ewing, Remick & Saul and Jos. G. Denny, Jr., all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This cause concerns letters patent No. 1,212,840, issued January 16, 1917, to Francis J. Straub, for an improved building block and methods of making the same. The question sought to be raised is really that of validity, although it is reached through the question of infringement. The patent has been twice before the Circuit Court of Appeals for this circuit. Straub v. Campbell, 259 F. 570; Crozier-Straub v. Graham, 28 F.(2d) 321. The latter ruling disposed of three cases of infringement. We have in these cases a very firm finding of validity, reversing in the first case the ruling of the trial court, and in all the cases findings of infringement, which were likewise reversal of the trial court findings. We have thus four cases which may be said to be tests of validity and infringement.

■ This brings to the front a feature which calls for comment. This patent issued in 1917. Nearly three-fourths of its expectation of life has gone. The wisdom of subjecting the validity of an issued patent to the test of judicial inquiry would not be questioned, and of course a finding of infringement against one defendant, even if quadrupled, does not conclude another user. None the less there comes a time when, if a patent is to have any value, it should confer a recognized right. There are cases undoubtedly in which the remedy of a claim for damages is practically adequate, but after the validity of a patent had been four times judicially determined, and the test of infringement has been applied in four different cases, the owner of the patent should not be left to the ferreting out of trespassers upon his rights, who are hard to find and difficult to hold, and to a claim for damages which may never be fruitful. Infringement should stop. As we view it, this cause presents a clear duty to a trial court. The question of validity is foreclosed by the rulings made, and the question of infringement likewise, unless the case of the instant defendant can be differentiated in principle from those of the other users who have been found to be infringers.

This finding we cannot make, and hence view this case as one to be ruled upon the authority of Crozier-Straub v. Graham, above cited. It would in consequence be idle in us to enter upon the discussion to which we are invited by the argument presented to us. It is often true, when any invention obtrudes itself upon an established trade, and more truly upon an art which is in the development stage, that those who have followed the art face a dilemma. The whole trade must pay tribute to the inventor, or the business be abandoned by those engaged in it. This, if an evil, is an unavoidable one. If the invention has revolutionized the trade, this is the highest tribute which can be paid it; if it has not, then those engaged in it are free to do what they have before done; but they may not do what the invention has first taught the trade to do. Building blocks were made before Straub, and undoubtedly those who made them may continue to so do, as may likewise all those who may wish to enter the trade. The Straub cinder block has, however, been found to be a new thing, brought to light by Straub, and for which he has been given the monopoly created by law in its manufacture, use, and sale.

■ A verbal definition of that which thus exclusively belongs to him, and from the manufacture, use, and sale of which others must abstain, may be difficult to frame; but it is worthy of comment that in the first case presented to the Circuit Court of Appeals there was no evidence of the trade recognition given to the Straub block, but there was in the ruling a striking prophetic forecast of the welcome which the evidence in the later cases showed had been extended to Straub's contribution to the art. There is no surer test of the fact of invention and the invention's claim to merit than the reception given it by the trade concerned, just as the fact of infringement and the number of infringers is the highest tribute which can be paid to the utility of what is invented.

A decree sustaining the bill filed, with the usual findings, may be submitted. If approved in form by the parties, it may be entered, but otherwise will be framed by the court; jurisdiction of the cause being retained for this purpose.

Requests for findings of fact and conclusions of law may be submitted and will be answered.