## J. R. WOOD & SONS, Inc., v. ABELSON'S, Inc.
### No. 5385.

Circuit Court of Appeals, Third Circuit.
Dec. 18, 1934.

Harry Lea Dodson, of New York City, and Harry B. Rook, of Newark, N. J., for appellant.

Edwin Levisohn, of New York City, and Herbert L. Elins, of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below J. R. Wood & Sons, Inc., owners of design patent No. 87,097, granted June 7, 1932, for "design of a finger ring," filed a bill in equity against Abelson's, Inc., charging infringement thereof. As stated in the patent, "the design consists of a double row of stones which extend partially around the ring provided with an ornament such as shown at the ends of the double row of stones." On final hearing, the trial court entered a decree holding the patent "invalid, for want of invention."

After argument and due consideration, we hold the patent did involve invention, and we now state the facts and law which constrain our so doing.

At risk of needlessly restating the commonplace in design patent law and the elements constituting invention, we note that such a design must be novel, beautiful, appealing to the eye, and causing a buying demand for the design. Untermeyer v. Freund (C. C.) 37 F. 343, and the familiar case of Gorham Mfg. Co. v. White, 14 Wall. 525, 530, 20 L. Ed. 731. These elements have been separately referred to in numerous cases: "There is no surer test of the fact of invention and the invention's claim to merit than the reception given it by the trade concerned." Crozier-Straub, Inc., v. Reiter (D. C.) 34 F.(2d) 577, 578. Where "the result is in effect a new creation, the design may be

896

patentable." Steffens v. Steiner (C. C. A.) 232 F. 862, 864. "A design * * * is patentable if, as a whole, it produce a new and pleasing impression on the æsthetic sense." Matthews & Willard Mfg. Co. v. American Lamp & Brass Co. (C. C.) 103 F. 634, 639. "It is the design as a whole * * * which must be considered. The situation in this respect is analogous to machines made up of a combination of old elements. The machine produces a new result, the design a new impression upon the eye." Graff, Washbourne & Dunn v. Webster (C. C. A.) 195 F. 522, 523. "The essence of a design resides * * * in the tout ensemble—in that indefinable whole that awakens some sensation in the observer's mind. Impressions thus imparted may be complex or simple. * * * Whatever the impression, there is * * * a sense of uniqueness and character." Pelouze Scale & Mfg. Co. v. American Cutlery Co. (C. C. A.) 102 F. 916, 918. "A design is patentable, if it presents to the eye of the ordinary observer a different effect from anything that preceded it, and renders the article to which it is applied pleasing, attractive, and popular." Inflexible Co. v. Megibow (D. C.) 251 F. 924, 925.

■ Such being the law, we turn to the proofs. During the depression period, the demand for cut diamonds fell off and the purpose of the present design was to make a double row of diamond chips, instead of cut diamonds, and produce a ring which could be sold for far less money, but which had the brilliant appearance of a double row of diamonds. The ring found immediate favor. The purchasing agents of sixteen different firms testified to its novelty and attractiveness, and that they immediately bought it for their firms. The situation is like that in Gorham Mfg. Co. v. White, supra, in which it is said: "A large number of witnesses, familiar with designs, and most of them engaged in the trade, testify. * * * This is the testimony of men who, if there were a substantial difference in the appearance, or in the effect, would most readily appreciate it." Without quoting the testimony at length, it suffices to recite that of some of these buyers: "I thought it was the most beautiful wedding ring that I had ever seen." Another buyer, "Something wonderful, I thought, something very nice, beautiful." Another, "It created a different effect upon the æsthetic emotion, very pleasing in design, beautiful and distinctive." Still another, "It struck me as being in gen-

eral a new and beautiful ring and it struck me so hard I ordered one for my wife." An officer of the plaintiff corporation testified: "This ring has broken the sales records of eighty-two years. It actually is the best selling ring we have ever offered to the jewelry trade. It has been tested in retail stores. It is now selling in those stores right now." Another buyer said: "I thought it would be a good seller and I was right in my conclusion. Customers' comments were highly favorable." We quote but one more buyer: "We ordered it the first time we saw it. It is the only ring we have in the window, that ladies come in and admire it and some have even traded in their new wedding rings for the double-row ring." The above extracts, and others that might be made, satisfy us beyond question that the design was novel, beautiful, appealing, and an original creation, and the design patent was rightfully granted.

■ As to infringement, the resemblance of the defendant's rings to those manufactured by plaintiff under the design patent was marked, and the testimony is that it required an expert to detect, by magnifying glasses, the difference between the two.

The decree below will therefore be vacated and the case remanded, with instructions to enter one of validity with accounting.