**FRANKART, Inc., v. EVERLITE NOVELTY MFG. CO. et al.**

**No. 7384.**

District Court, E. D. New York.

June 24, 1935.

Morris Kirschstein, of New York City, for plaintiff.

Abraham Sarason, of Brooklyn, N. Y. (W. Lee Helms, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is an action for infringement of design letters patent No. 80,059, issued December 3, 1929 to Frankart, Inc., the plaintiff herein, as assignee of Arthur von Frankenberg, the patentee. The issues are validity and infringement.

The plaintiff is engaged in the manufacture of gift articles, such as table lamps, ash trays, smoking stands, and the like. Von Frankenberg, the patentee, is a sculptor who has been in the employ of the plaintiff corporation and who has designed the Frankart line of gift articles, upwards of one hundred new designs.

The defendant Everlite Novelty Manufacturing Corporation is a company engaged in a similar line of business, and is charged with infringing this patent by the manufacture and sale of smoking stands, Plaintiff's Exhibit 3.

The patent is for a design for a smoking stand as illustrated in the drawing. The design comprises a flat base having a surface ornamentation produced by straight line effects. On the base rests a metal ball which carries a small pedestal, and on the pedestal is mounted a nude figure of a girl with her head thrown back and her arms outstretched upwardly, to support a tray or cup carrying the ash receptacle. No doubt this group is pleasing to a great many people and at the same time serves a useful purpose as a smoking stand. The design is shown in Plaintiff's Exhibit 2. It has attained great commercial success, as over 13,000 have been sold by the plaintiff.

There is a marked difference between mechanical patents and design patents. Design patents usually contain no description; the specification consisting usually of the drawing and a description of the figures therein with a single claim. Rule 81 of the Rules of Practice in the Patent Office reads as follows:

"81. The proceedings in applications for patents for designs are substantially the same as in applications for other patents. Since a design patent gives to the patentee the exclusive right to make, use and vend articles having the appearance of that disclosed, and since the appearance can be disclosed only by a picture of the article, the claim should be in the broadest form for the article as shown."

Design patents are usually judged by the effect they have on the eye, whereas other patents are usually judged by the use to which they may be put. Judge Hough, in Wilson v. Haber Bros (C. C. A. 2) 275 F. 346, 347, pointed out the difference between design patents and other patents as follows:

"Whether the problem be of validity, scope, or infringement, the prime difference between patents for other inventions and those for designs is that in the first class the inquiry is, 'What will it do?' whereas in respect of design one always asks, 'How does it look?'"

Design patents are granted as a reward for the giving of a new and pleasing appearance to an article of manufacture, whereby its sale is enhanced. Gorham Mfg. Co. v. White, 14 Wall. (81 U. S.) 511, 20 L. Ed. 731. Untermeyer v. Freund (C. C.) 37 F. 342.

The defendants set up as prior art the following exhibits:

B. A statuette made by the witness Angela.

C. An illustration of the "Statue of Victory World War Memorial for Fifth Ward, Staten Island, New York," published in the Architectural League Book, New York, for the year 1925.

D. An illustration in the American Magazine of Art for April, 1926, entitled "Ecstacy."

E. A photograph of a statuette entitled "Aurora," published in the New York Evening Post in 1924.

Exhibit B comprises a base upon which is mounted a large ball, and standing on this ball is a figure of a female in the nude with head erect and face front, but not tilted upward and backward as in the design. The arms are bent towards one another with the backs of the hands facing the observer and turned inwardly to hold a star down on the head of the figure. There is lacking in Exhibit B the intermediate pedestal on which the nude figure in the design stands, and the posture of the head, arms, and hands, which in the design give

682

the effect of a nude figure looking upward to the ash tray which it holds.

In Exhibit C, "Statue of Victory," the base comprises a very tall pedestal on which is mounted a small globe. Directly upstanding from this globe is a draped figure, with arms upstretched, holding a sword. The body of the figure is straight, the head faces forwardly, the back is not arched, the head is not tilted, the arms and the palms of the hands do not face inwardly and do not hold a cup or tray. There is no flat base with a ball thereon.

Exhibit D is an illustration entitled "Ecstacy." It is a modeled nude figure standing directly on a substantially flat base with no intermediate ball or small pedestal. The arms, while upstretched, point upward and are inclined toward each other, instead of away from each other, as in the patented design; the hands meeting to give a triangular effect.

Exhibit E illustrates a draped figure mounted directly on a round base, with arms outstretched, but in an entirely different pose from that of the patented design.

▮ The prior art shows that nudes have been used in artistic works and that rounded or spherical pedestals have been used. The design has produced a smoking stand, new, original, and ornamental in design. There can be no serious question concerning the defendants' infringement. While there are minor differences to all intents and purposes, to the eye they are the same. Minor differences are not the test of infringement.

▮ Both the plaintiff's smoking stand and the defendant's smoking stand have the same design as a whole, a flat base, spherical object on the center of the base, small pedestal on top of the spherical object, an upstanding nude figure on tiptoe on the pedestal with back arched, head tilted back, facing upwardly and forwardly, arms upstretched outwardly with palms turned inwardly holding a cup or tray for the receptacle proper. While minor differences can be pointed out, looking at plaintiff's smoking stand and defendant's smoking stand as a whole, they give the same impression and have the same appearance. Geo. Borgfeldt & Co. v. Weiss (C. C. A. 2) 265 F. 268; Mygatt et al. v. Schaffer (C. C. A. 2) 218 F. 827; Graff, Washbourne & Dunn v. Webster (C. C. A. 2) 195 F. 522.

All of the exhibits, except Exhibit D, were before Judge Galston on the motion for preliminary injunction, which motion was granted by Judge Galston from the bench.

The patent is valid and infringed. Plaintiff is entitled to the usual decree. Settle findings and decree on notice.