**VIEHMANN et al. v. D. F. H. NOVELTY FURNITURE CO., Inc.**

No. I.

District Court, E. D. New York.

April 27, 1939.

James & Franklin, of New York City (Maxwell James, of New York City, of counsel), for plaintiffs.

Sydney D. Robins, of New York City (W. Lee Helms, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The plaintiff, John C. Viehmann, the owner of Design Patent No. Des. 98,788, granted March 3, 1936, and the plaintiff, Kompass & Stoll Co., Inc., exclusive licensee under this patent, brought this action for the infringement of the patent.

The invention relates to a new kitchen table design. The language of the patent is as follows:

"Be it known that I, John C. Viehmann, a citizen of the United States and a resident of Flushing, Long Island, county of Queens and State of New York, have invented a new, original, and ornamental Design for a Kitchen Table or the like, of which the following is a specification, reference being had to the accompanying drawing, forming a part thereof, wherein:

---

[13] See cases cited in note 9.

"Fig. 1 is a perspective view of the table showing my design; and

"Fig. 2 is an end elevation of the same on an enlarged scale, the legs being shown broken away.

"I claim:

"The ornamental design for a kitchen table or the like, substantially as shown and described."

There is no claim of anticipation of the patent. The defendant offered Exhibits A, B, C sheet 1, C sheet 2, D, E, F, G, H, I, J and K to show the state of the art.

■ The language this Court used in Frankart, Inc., v. Everlite Novelty Mfg. Co. et al., D.C., 11 F.Supp. 680, 681, is particularly applicable here. The Court said:

"Design patents are granted as a reward for the giving of a new and pleasing appearance to an article of manufacture, whereby its sale is enhanced. Gorham Mfg. Co. v. White, 14 Wall. (81 U.S.) 511, 20 L.Ed. 731. Untermeyer v. Freund (C. C.) 37 F. 342."

"While minor differences can be pointed out, looking at plaintiff's smoking stand and defendant's smoking stand as a whole, they give the same impression and have the same appearance. Geo. Borgfeldt & Co. v. Weiss (C.C.A. 2) 265 F. 268; Mygatt et al. v. Schaffer (C.C.A. 2) 218 F. 827; Graff, Washbourne & Dunn v. Webster (C.C.A. 2) 195 F. 522."

The question of infringement is not in the case which appears by the following colloquy:

"The Court: They are very much alike.

"Mr. Helms: Oh, yes.

"The Court: It simply comes down to a question of whether it was new?

"Mr. Helms: That is right.

"The Court: That is the whole issue in this case.

"Mr. James: Yes, sir."

An examination of defendant's tables indicates that infringement is clear.

■ Plaintiffs' kitchen tables of the design in the patent met with immediate commercial success. This was testified to by the following: Daniel Nessler employed by the Kompass & Stoll Co., Inc., George Rose of George Rose & Sons, Inc., Frederick Fox, Jr., of Macy's. It was stipulated that Al Raynor of Gimbel Brothers, Ed. Burdett of Ludwig Baumann and Joseph Foster of Enamel Products Company, if they were called as witnesses, would testify to the same effect. While commercial success in and of itself cannot make a bad patent valid, nevertheless it is a matter for consideration by the Court.

■ While there are some minor differences between plaintiffs' and defendant's tables, they are of no importance, they are for all practical purposes the same, they have the same appearance and design.

This is an age of "streamlined" automobiles, railroad trains, etc. Plaintiff Viehmann has invented a "streamlined" table, there was nothing like it on the market before. The tables in the publications and the patent No. 730,473 issued to G. Palladino, granted June 9, 1903, are quite unlike the design of plaintiffs' table. Viehmann has designed a table with a new and pleasing appearance which had immediate commercial success.

The invention in suit comprises the new kitchen table design as shown in the patent. This invention is a streamlined kitchen table having the following characteristic interrelated features: (1) A continuous rail or band, (2) corner legs terminating at the base of the rail and externally substantially flush with the rail, and (3) a porcelain top (extension leaf top) substantially flush with the rail, so that the porcelain top, the rail, and the legs lie in vertical planes and form a streamlined appearance. These features are the major characteristics of plaintiffs' marketed tables, Exhibits 5 and 6.

This kitchen table design of the suit patent is primarily distinguished from prior kitchen tables wherein (1) the rail is discontinuous or interrupted by the upper leg extensions, (2) the legs extend in non-flush condition to the table top and do not terminate at the base of the rail, and (3) the porcelain top extends over the rail with an "overhang".

The defendant's accused kitchen table, Exhibit 2, embodies the same design as the kitchen table of the suit patent. It has the same appearance as and possesses the same design features which characterize the kitchen table of the design patent in suit and those of plaintiffs' manufacture. Defendant does not seriously dispute these facts, but, on the contrary, frankly admits that the plaintiffs' and defendant's kitchen tables are very much alike.

Novelty is not in dispute, since defendant admits there is no anticipation. Defendant raises only the issue of want of invention over the prior state of the art.

The novelty of the design of the suit patent is established not only by defendant's admission but by the evidence of buyers for large department stores and leading furniture houses, who testified that when they first saw the table of the suit patent design, it struck them as novel and that they had not seen a table just like it before.

The kitchen table design of the suit patent met with a spontaneous commercial success; and the evidence is to the effect that it has met with a popular and substantial response on the part of buyers and the purchasing public, and that in its price range or bracket, it substantially outsells tables of other designs. The design of the suit patent has enhanced the salable value of the suit patent table and has enlarged the demand for it.

The defense of want of invention is based upon a number of publications and one patent, Defendant's Exhibits A to J, of which the defendant urges Exhibits H, J, B and A. The defendant admits that none of the table designs of these exhibits shows the design of a kitchen table as shown in the suit patent. To change any of the table designs of these Exhibits H, J, B and A to produce the plaintiffs' suit patent design table, would involve changing the appearance and the design thereof to the appearance and design of the plaintiffs' table, which is different. The making of such changes would spring from a new architectural impulse. The table designs of these exhibits do not show the appearance nor the combination of design elements which characterize the plaintiffs' suit table design. These exhibits representing the prior state of the art, do not negative invention in the suit patent design.

The design patent in suit No. Des. 98,788 is not anticipated by the prior art, defines invention thereover, and is valid.

Defendant's table, Exhibit 2, embodies the design of the suit patent No. Des. 98,788 and is an infringement thereon.

It is directed that a decree be entered herein, holding the patent valid and infringed, and that judgment be rendered in favor of the plaintiff and against the defendant with costs to be taxed.