**CONTINENTAL ART COMPANY, a partnership composed of Joseph Bertolozzi, Reno Giolli, Deno Giolli and John Matanky, Plaintiff-Appellant,**

v.

**Emil BERTOLOZZI, doing business as Bert Lamp Company, Defendant-Appellee.**

**No. 11524.**

United States Court of Appeals Seventh Circuit.

April 19, 1956.

Clarence E. Threedy, Chicago, Ill., Edward C. Threedy, Chicago, Ill., for appellant.

Max R. Kraus, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

This action was brought for the infringement of Design Letters Patent No. 168,682, granted to plaintiff on January 27, 1953, on a design for a figurine as shown in the patent. The defendant pleaded as a defense invalidity and non-infringement. The district court, after making findings of fact and entering conclusions of law, on June 28, 1955 rendered its judgment holding the patent invalid but if valid not infringed, and that defendant was entitled to recover of the plaintiff reasonable attorney fees, reserving jurisdiction for the assessment of such fees. From this judgment plaintiff appeals.

The design shown in the patent drawing is embodied in a lamp manufactured and sold by plaintiff. Defendant also manufactured a lamp embodying the design alleged to infringe. No oral testimony was offered by either of the parties. A stipulation was filed, the purpose of which was to obviate the necessity of identification of exhibits offered by the respective parties. Plaintiff offered as exhibits the patent, a physical specimen of the lamp manufactured by it, embodying the design of the patent in suit, and a physical specimen of the lamp manufactured by defendant, embodying the alleged infringing design. Defendant offered seven exhibits, consisting of prior publications not considered by the Patent Office, which it is asserted disclose and suggest designs substantially the same as that disclosed by the patent.

The design of the patent comprises a base of simple line formation with a column extending upwardly from the rear edge of the base with a background or setting for the legendary character "Robin Hood" mounted on the base. The column is provided with surface ornamentation, and on the base, adjacent to the "Robin Hood" character, is a cluster of mushrooms. Defendant's design also includes a base with a column extending upwardly with a background of the legendary character "Robin Hood" mounted on the base.

While there is in some respects similarity between the two designs, there is also a wide and marked distinction, as found by the trial court. As to plaintiff's design, the court found:

"A female figure with female face and body characteristics, the right arm is crooked against the body and is grasping a knife; the left arm extends straight downward and away from the body; the figure is clothed in a sleeveless dress with a short skirt; the arms are uncovered but gloves are worn; the hat has a plume or feather extending across the top of the hat and is curled downwardly near the face; the back is plain, the base has 6 toadstools; the left leg of the figure is in a forked position above the toadstools and is elevated above the right leg and the figure is not supported on the left leg; the knife is held in the right hand against the body; the background comprises a twisted stump of a tree which extends upwardly of the base to the back of the head; the tree stump extends away from the figure and provides a large open space between the body of the figure and the tree stump; the left arm of the figure extends across the open space; the right foot rests tiptoe on the base to support the body, viewed from the back of the figure the right leg is exposed and visible."

As to defendant's design, the court found:

"A male figure with male face and body characteristics; the right arm extends straight downwardly and is positioned away from the body; the left arm is raised upwardly and is

crooked over the hat; the figure is clothed in a man's garment or jacket with full length sleeves and no gloves are worn; the hat has no plumes; the figure carries a quiver of arrows on its back; the base has no toadstools, the left leg extends below the right leg and rests standing on the base; a knife is held suspended by a belt and there is no hand engaging same; the background comprises a group of leaves which is positioned directly behind the figure; there is no open space between the figure and the background; the right foot is elevated above the base and the figure is supported on the left foot; viewed from the back of the figure the right leg is not visible."

The court, after thus enumerating the differences and dissimilarities between plaintiff's and defendant's designs, found:

"To an ordinary observer or purchaser there would be no sameness or similarity between the two Figurines and there would be no confusion."

Furthermore, after a detailed description of prior publications not considered by the Patent Office, the court found:

"The design of the patent in suit is not new or original or inventive in character in view of Defendant's Exhibits 1 to 7 inclusive and does not involve invention."

Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., we are not permitted to set aside the findings of the trial court unless "clearly erroneous." Plaintiff necessarily must accede to this rule of appellate practice but it is contended that the findings are not binding because the trial court applied an erroneous test in evaluating the issues of both validity and infringement. The argument is that the court on the issue of validity improperly compared the component parts of the patent design

with the prior art and, likewise, on the issue of infringement, compared the component parts of the patent design with defendant's alleged infringing design. The true test, so it is asserted, is that the issues must be determined from the appearance of the design as a whole, with the resultant impression which it makes upon the eye of the ordinary person or potential customer. We assume, without citing or discussing cases, that the test invoked by plaintiff is proper. It is our view, however, that the court did not ignore this test. It is true the court compared the component parts of the patent design with the prior art for the purpose of showing that the similarity was such that the design in suit was not original or inventive in character, and that it compared the component parts of the patent design with the alleged infringing design for the purpose of showing that the difference between the two designs was of such marked character that there was no similarity between the two when viewed by an ordinary observer or purchaser and, consequently, no confusion would arise. In our judgment, it does not follow, as plaintiff would have us believe, that the issues were decided by the trial court merely by a comparison of the component parts. What the court apparently did was to compare the component parts in one instance to show that they were so similar to the prior art that no invention was involved and, in the other, that they were so dissimilar to those of the alleged infringing design that they would not be deceptive to the ordinary person or purchaser, and as a result defendant's design did not constitute infringement.

Plaintiff lays much stress upon Gorham Co. v. White, 14 Wall. 511, 81 U. S. 511, 20 L.Ed. 731, which announced the applicable test on both the issues of validity and infringement and which it is asserted, we assume correctly, is still the law. The case is particularly pertinent on the issue of infringement. The court concluded its reasoning as follows, 14 Wall. at page 528:

"We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

There, the court was considering designs which were substantially the same, where the differences were small or minor. It does not follow from this reasoning that differences between two designs are not important. Of course, such differences may be so minor as to deceive the ordinary observer. On the other hand, they may be of such magnitude as to leave no basis for the claim that an ordinary observer would be deceived. Therefore, we think it was proper for the trial court to enumerate the differences between plaintiff's design and that of defendant as a basis for its further finding that the ordinary observer would not be deceived.

In Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606, the court reviewed and clarified its previous decision in Gorham. It reversed a judgment of infringement of a design patent. In doing so, the court, after pointing out the marked differences between the two designs, stated, 148 U.S. at page 682, 13 S.Ct. at page 771:

"Moreover, that difference was so marked that in our judgment the defendants' saddle could not be mistaken for the saddle of the complainant."

 The findings of the trial court must be accepted because, in our view, it cannot be held that they are clearly erroneous. Such findings support the judgment on the issues of validity and infringement.

Title 35 U.S.C.A. § 285 provides:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

As a basis for the judgment on this issue, the court found that plaintiff was "unjustified and unwarranted" in charging defendant with infringement of the design patent in suit and that plaintiff did not have "a justifiable cause of action and defendant was needlessly put to the expense of defending same." We doubt if that can be considered as a finding of fact; it is more akin to a conclusion. If, however, it be considered as a finding, we do not think it is supported by the record, and if as a conclusion, we think it is erroneous. At any rate, the court did not find or conclude that the case was "exceptional" within the language of the statute and, therefore, it was without power to assess attorney fees. Furthermore, we do not agree with the statement that plaintiff's action was "unjustified and unwarranted." As we view the situation, this case was no different from the ordinary and typical patent infringement suit. There is nothing to indicate other than that plaintiff's counsel acted in good faith in bringing the suit and that he honestly and sincerely thought that plaintiff had a meritorious cause of action. In fact, plaintiff's counsel presents a serious argument, not devoid of merit, both on the issues of validity and infringement. We have examined the cases called to our attention on this issue and we find none where attorney fees have been assessed under such circumstances.

Those portions of the judgment relative to the issues of validity and infringement are affirmed. That portion relative to the assessment of attorney fees against plaintiff and in favor of defendant is reversed.