**E. H. SHELDON & CO., Plaintiff,**

v.

**MILLER OFFICE SUPPLY CO. (Inc.)**
**Defendant.**

**Civ. A. No. 2221.**

United States District Court
S. D. Ohio, W. D.
March 8, 1960.

68

Lawrence B. Biebel and Marechal, Biebel, French & Bugg, Dayton, Ohio, Wupper, Gradolph & Love, Benjamin F. Wupper and John T. Love, Chicago, Ill., for plaintiff.

Toulmin & Toulmin, H. H. Brown and H. A. Toulmin, Jr., Dayton Ohio, for defendant.

CECIL, Circuit Judge, sitting by designation.

The plaintiff, E. H. Sheldon & Co., a corporation, in its complaint charges the defendant, Miller Office Supply Co., Inc., a corporation, with infringing a design patent to which it holds legal title. The defendant denies infringement and sets up the affirmative defense of invalidity of the patent.

The case was tried and submitted to the Court upon the pleadings, the evidence and briefs of counsel.

The patent in suit is Design number 173281 and covers an invention by R. B. Morrison of a laboratory table unit. The patent was assigned by Morrison to the plaintiff. The plaintiff has engaged in the manufacture and sale of the laboratory table units under the patent since its issue.

The defendant sells school equipment throughout the state of Ohio and is the exclusive agent in Ohio for Taylor Manufacturing Company, of Taylor, Texas. This company made the accused product which was sold by the defendant to Gallia Academy and Wickliffe High Schools.

These sales are the subject of the charge of infringement.

Design patents are authorized by Section 171 of Title 35 U.S.C. This section reads, "Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title."

The leading case defines design patents as follows: "They contemplate not so much utility as appearance, and that, not an abstract impression, or picture, but an aspect given to those objects mentioned in the acts. It is a new and original design for a manufacture, * * * a new or original impression or ornament to be placed on any article of manufacture, * * * a new and useful pattern, print, or picture, to be either worked into, or on, any article of manufacture; or a new and original shape or configuration of any article of manufacture— * * * And the thing invented or produced, for which a patent is given, is that which gives a peculiar or distinctive appearance to the manufacture, or article to which it may be applied, or to which it gives form. The law manifestly contemplates that giving certain new and original appearances to a manufactured article may enhance its salable value, may enlarge the demand for it, and may be a meritorious service to the public." Gorham Company v. White, 14 Wall. 511, 524, 525, 81 U.S. 511, 20 L.Ed. 731.

The scope of the alleged invention is the first subject presented by the issues in the case. This is a question of law. Heald v. Rice, 104 U.S. 737, 26 L.Ed. 910; Motor Wheel Corp. v. Rubsam Corp., 6 Cir., 92 F.2d 129; Baldwin Rubber Co. v. Paine & Williams Co., 6 Cir., 99 F.2d 1.

The claim of the patentor is, "The ornamental design for a laboratory table unit, substantially as shown and described." The only specifications refer to the drawings in Figures one and two.

Where there are no specifications or detailed description the claim covers the design as a whole as shown in the

drawings or illustrations. Dobson v. Dornan, 118 U.S. 10, 14, 15, 6 S.Ct. 946, 30 L.Ed. 63; Edison Electric Appliance Co. v. Fitzgerald Mfg. Co., 2 Cir., 32 F.2d 705, 706; Ashley v. Samuel C. Tatum Co., 2 Cir., 186 F. 339. In Ashley et al. v. Weeks-Numan Co., 2 Cir., 220 F. 899, the court said, at page 903, "and in Ashley v. Tatum, 2 Cir., 186 F. 339, * *, which was a design patent for an inkstand, and which was without any written description, we held that, in the absence of a written specification, *the patentee is limited to substantially the precise article shown in the drawing of the patent.*" (Emphasis added.)

The patent here then is a diamond-with-stem table top housing or covering cabinets within its confines as a whole and as shown in the drawings. The diamond-with-stem table top is the distinctive feature of the design and is that which distinguishes it from the prior art.

█ "The thing invented for which a design patent is given is that which gives a distinctive appearance to the article to which it may be applied." Thabet Mfg. Co. v. Kool Vent Metal Awning Corp. of America, 6 Cir., 226 F.2d 207, 212.

The defense charges that the patent is invalid on several counts.

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it." Section 282, Title 35 U.S.C. It is to be noted from Section 171, above quoted, that a design to be patentable must constitute invention and be new, original and ornamental.

Counsel for the defendant challenge the patent in suit for the absence of all of these elements. In support of their argument they say that the Morrison patent is anticipated by prior art. (Defendant's Ex. U, containing six mechanical patents, three design patents and two foreign patents.) To prove their point counsel take various features of Morrison's Laboratory table unit, one by one, and compare them with some feature of the various prior patents.

█ The Court does not understand this to be a proper test for determining anticipation by prior art. In Ashley v. Weeks-Numan Co., supra, the court said at page 902 of 220 F., "This court has before said, and now repeats, that the fact that each separate element in a patented design was old does not negative invention, which may reside in the manner in which they are assembled, since it is the design as a whole, and the impression it makes on the eye, which must be considered." The subject of inquiry here, involves beauty, ornamentation, something that appeals to the aesthetic sense. "Lack of novelty or originality in a design cannot be successfully alleged, unless, to an intelligent general observer interested in the subject, it has the same appearance as that of some design previously produced." Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., C.C., 103 F. 634, 639.

██ "Gorham Co. v. White, supra (14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731) sets forth the salient features of the statute and the purpose which it was designed to serve; but the court was concerned with the infringement and not the validity of the patent in suit. Later cases developed the standards to be used when the validity of a design patent was at issue. Validity is to be tested by the appearance of the patented design as a whole. Dobson v. Dornan, 118 U.S. 10, 15, 6 S.Ct. 946, 30 L.Ed. 63. 'A combination of elements that are old is patentable, if it produces a new and useful result as the product of the combination; and a design which avails itself of suggestions old in art is patentable, if as a whole, it produces a new and pleasing impression on the aesthetic sense.' Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., 3 Cir., 103 F. 634, 639. Nevertheless, there must be an exercise of the inventive faculty, and if the design lacks this quality, it will not suffice to say that it is new, original and

ornamental, and has received wide public acceptance. Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L. Ed. 606; (and other citations) 'In short, the test is whether the design involved "a step beyond the prior art requiring what is termed 'inventive genius'".' General Time Instrument Corp. v. U. S. Time Corp., 2 Cir., 165 F.2d 853, 854." Glen Raven Knitting Mills, Inc. v. Sanson Hosiery Mills, Inc. et al., 4 Cir., 189 F.2d 845, 850.

"The test as to a Design Patent offered as a reference, is, the impression that it makes as a whole upon the eye and not a consideration of the elements of the design. * * *" Gleitsman et al. v. Monarch Sanitary Products, Inc., D.C., 26 F.Supp. 152, 157.

The Court has considered all of the prior patents submitted by the defendant in its exhibit "U" in the light of the test above stated. The Court concludes that the Design Patent in suit is not anticipated by any of the prior art offered in evidence and that it shows invention over such prior art.

Another claim of the defendant is that the patent in question is functional rather than ornamental. If an ornamental design has the statutory requirements for a design patent its patentability is not destroyed because it may have functional use. Ashley et al. v. Weeks-Numan Co., 2 Cir., 220 F. 899, 901; Protex Signal Co. v. Feniger et al., 6 Cir., 11 F.2d 43, 46; Robert W. Brown & Co., Inc. et al. v. De Bell, 9 Cir., 243 F.2d 200, 202.

Counsel on both sides have had a great deal to say about commercial success. While it appears that the plaintiff has had a considerable success in marketing its product under the patent in suit, the Court has attached little, if any, importance to it in determining the validity of the patent. "I realize that commercial success will not validate a bad patent, but public acceptance of a design patent is of great, persuasive and well-nigh decisive effect in doubtful cases." Knickerbocker Plastic Co., Inc. v. Allied Molding Corp., D.C., 96 F.Supp. 358, 360; Standard Match Corp. v. Bell Mach. Co., 7 Cir., 83 F.2d 365; Viehmann et al. v. D.F.H. Novelty Furniture Co., Inc., D.C., 27 F.Supp. 566; Witten et al. v. Oak Rubber Co., 6 Cir., 11 F.2d 774; Glen Raven Knitting Mills v. Sanson Hosiery Mills, 4 Cir., 189 F.2d 845, 853. The early case of Gorham Mfg. Company v. White, previously cited, announced the rule for the determination of infringement of design patents. At page 525 of 14 Wall., at page 525 of 81 U.S. the court said: "It is the appearance itself which attracts attention and calls out favor or dislike. It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense."

As to the true test of identity of design, the court said at page 526: "Plainly, it must be sameness of appearance, and mere difference of lines in the drawing or sketch, a greater or smaller number of lines, or slight variances in configuration, if sufficient to change the effect upon the eye, will not destroy the substantial identity."

The rule then stated at page 528 is, "We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

The observer test has been continuously followed since its announcement in the Gorham case. Applied Arts Corp. v. Grand Rapids Metalcraft Corp., 6 Cir., 67 F.2d 428, 429; International Silver Co. v. Pomerantz, 2 Cir., 271 F.2d 69, 72; Henry Hanger & Display Fixture Corp. of America v. Sel-O-Rak Corp., 5 Cir., 270 F.2d 635, 640; Continental Art Co. v. Bertolozzi, 7 Cir., 232 F.2d 131, 133; Nebel Knitting Co. v. Sanson Hosiery Mills, 4 Cir., 214 F.2d 781, 782.

It has been held that "a design patent is not infringed by anything which does not present the appearance which distinguishes the design claimed in the patent from the prior art." Applied Arts Corporation v. Grand Rapids Metalcraft Corporation, 6 Cir., 67 F.2d 428, 429; "to infringe, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." Sears, Roebuck & Co. v. Talge, 8 Cir., 140 F.2d 395, 396.

The question of infringement presents a question of fact for the trier of the facts to determine under the rules just quoted.

Applying the observer test as stated above and having in mind that it is the diamond-shaped top with stem that distinguishes the patent in suit from the prior art, the Court concludes that the two designs are substantially the same. The resemblance is such that in the mind of this observer a prospective purchaser would be deceived into purchasing one supposing it to be the other.

This view is strengthened by the letter of the manufacturer of the accused product to the defendant (Plaintiff's Ex. 6 E). "As per our quotation on letter dated June 14, 1957, you will find we have modified the Sheldon S-1001 table in such a manner so as not to infringe on any patent, but have retained the capacity and function of the aforementioned Sheldon unit."

Thus it appears from the manufacturer's own statement it intended to copy the patented unit as closely as it could without infringing the patent. From this observer's viewpoint it came too close.

The patent in suit being valid and infringed by the accused article, the plaintiff is entitled to an injunction in accordance with the prayer of the complaint.

Attorney's fees being allowable in exceptional cases (Section 285, Title 35 U.S.C.) that question and the amount of damages will be reserved for further consideration.

Judgment being in favor of the plaintiff, the counterclaim of the defendant will be dismissed.