### F. I. A. T. v. A. ELLIOTT RANNEY CO.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

#### No. 140.

1. PATENTS ⬦28—DESIGNS—INVENTION.
> The test of invention in design patents is precisely like that in mechanical; the question being whether the design was beyond the powers of the ordinary designer.

2. PATENTS ⬦328—INVENTION—DESIGN FOR AUTOMOBILE RADIATOR AND HOOD.
> The Cavalli design patent, No. 48,219, for design for automobile radiator and hood, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by F. I. A. T. against the A. Elliott Ranney Company and another. Decree for defendant named, and complainant appeals. Affirmed.

The following is the opinion of Learned Hand, District Judge, in the court below:

In this cause the defendant's design seems to me an infringement, even under the rule in Ashley v. Tatum, 189 Fed. 357, 111 C. C. A. 279, because, though it is not a literal copy of the patented design, the differences are such as might escape the notice of any but a close observer. They consist only of the bead around the honeycomb and the straight line at the top. The question of validity, therefore, necessarily arises.

I agree that the exact combination nowhere appears, and invention depends, therefore, upon the changes necessary to produce the design out of the prior art. The general oval appearance of the radiator, when viewed in elevation and from the front, is disclosed in the F.A.B., the Fafnir, the Hansa, the Opel, the Oryx, and the Zedel, all disclosed in the periodical. The Autocar, of March 22, 1913. Some of these have a straight line at the top, like the defendant's; some do not; but the distinctions between them in appearance are not such as constitute invention. The same applies also to the Horch, as shown in the German periodical, Motor, of January, 1913, and the French Omnia, of November 16, 1912; to the Opel, in La Vie Automobile, Volume I, 1911, page 176; to the Oryx, in the German Motor, March, 1913, and to the Hansa, in the Autocar, June 29, 1912, page 1188. No variation in front elevation can be monopolized.

The curved top of the radiator when viewed in section, is clearly shown on the Peugeot, in The Automobile, volume XXVII, 1912, page 914, and in The Motor, April 15, 1913; on the Austrian-Daimler, in La Vie Automobile,

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

volume II, 1911, page 757, on the Loreley, in Der Motorwagen, June 30, 1914, page 429; on the Horch, in the citations above given; and on the Hansa. It is quite true that the Horch, Hansa, and Loreley have a projected brow or cowl, which protrudes beyond the "honeycomb" of the radiator proper; but this is not true of the Peugeot, nor of the Austrian-Daimler. Moreover, I do not distinguish between a true curve in section and a generally receding section, though in broken lines, as on Mathis, in La Vie Automobile, volume II, 1911, page 405.

[1, 2] The test of invention in design patents is precisely like that in mechanical (Steffens v. Steiner, 232 Fed. 862, 147 C. C. A. 56), and the question is whether it was beyond the powers of the ordinary designer to combine the oval elevation with the curved top in section or to compress the projecting brow or cowl, from Horch, Hansa, or Loreley, either of which adaptations would produce the defendant's radiator. There were 165 designs shown in the cited number of The Autocar alone and this number was probably not exhaustive. While I agree that such a number would bespeak unusual artistic skill in any substantially new or strikingly beautiful design, it seems to me to forbid the conclusion that mere variants upon the elements already disclosed, entitle one to a monopoly of any given form. There is no such striking beauty in the design of the patent, over the other such closely similar designs as Horch or the Austrian-Daimler as was beyond the most commonplace talents; none that justifies a monopoly, or requires a reward.

The bill is dismissed, with costs, for lack of invention in the patent.

Edwards, Sager & Richmond, of New York City (Clifton V. Edwards, of New York City, and F. A. Bower, of Washington, D. C., of counsel), for appellant.

Samuel E. Darby, of New York City, for appellee.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

PER CURIAM. Decree affirmed.