## KING VENTILATING CO. v. ST. JAMES VENTILATING CO. et al.

Circuit Court of Appeals, Eighth Circuit.
April 24, 1928.

No. 7919.

**I. Patents ⊙⟶43—Mere difference in dimension cannot add novelty to new design.**

Mere difference in dimension cannot add novelty to a new design, nor detract from the teaching of the prior art.

**2. Patents ⊙⟶28—Exercise of inventive faculty is as essential to validity of design patent as of patent for mechanical device.**

Exercise of the inventive faculty is as essential to the validity of a design patent as to that for any kind of mechanical device.

**3. Patents ⊙⟶28—Application of old flared base to old top or superstructure in design patent for barn ventilator held not patentable invention.**

Application of old flared base to old top or superstructure in Klima design patent No. 50,624, for barn ventilator, *held* to involve no more than mechanical skill, as distinguished from patentable invention.

**4. Patents ⊙⟶37—Popularity and increasing sales of patented article are unimportant, when invention is clearly without patentable novelty.**

Mere fact that patented article is popular and meets with large and increasing sales is unimportant, when invention is clearly without patentable novelty.

**5. Patents ⊙⟶16—To authorize patent, there must be creative mental conception, as distinguished from ordinary reasoning faculties and facility of manipulation.**

To authorize issuance of patent, there must be present a creative mental conception, as distinguished from ordinary faculties of reasoning on materials supplied by special knowledge and facility of manipulation resulting from its habitual and intelligent practice.

**6. Patents ⊙⟶328—Design patent No. 50,624, for barn ventilator, held void for lack of invention.**

Klima design patent No. 50,624, for a barn ventilator, *held* void for lack of invention.

Appeal from the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux, Judge.

Suit by the King Ventilating Company against the St. James Ventilating Company and another. From a decree of dismissal (17 F.[2d] 615), plaintiff appeals. Affirmed.

James F. Williamson, of Minneapolis, Minn. (Williamson, Reif & Williamson, of Minneapolis, Minn., and Leach & Leach, of Owatonna, Minn., on the brief), for appellant.

F. C. Caswell, of Minneapolis, Minn. (Farmer & Tighe, of St. James, Minn., on the brief), for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. April 17, 1917, design patent No. 50,624 was issued to one Louie Klima. The specification, with its claim, reads as follows:

"Be it known that I, Louie Klima, a citizen of the United States, residing at Owatonna, in the county of Steele and state of Minnesota, have invented a new, original, and ornamental design for ventilators, of which the following is a specification, reference being had to the accompanying drawing, forming a part thereof.

"The figure is a perspective view of a ventilator, showing my new design.

"I claim:

"The ornamental design for a ventilator as shown."

Appellant, a Minnesota corporation, is the owner of this patent. Appellee St. James Ventilating Company, of which appellee Jolly is president and manager, is also a Minnesota corporation. Both companies are engaged in the manufacture and sale of barn and stable ventilators. Appellant brought suit in the District Court for the District of Minnesota, charging appellees with infringement of its said design patent, and praying for injunctive and other appropriate relief. The court adjudged and decreed that said letters patent are void, because anticipated in the prior art more than two years before the filing of Klima's application, and because lacking in novelty and invention. The bill of complaint accordingly was dismissed.

The applicable law is thus stated:

Section 4929, R. S. (35 USCA § 73; Comp. St. § 9475): "Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by sec-

tion forty-eight hundred and eighty-six, obtain a patent therefor."

Section 4886 (35 USCA § 31; Comp. St. § 9430), to which reference is made, provides: "Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor."

It will be observed that the rule respecting prior publication and prior public use is the same under both these sections. The essential facts were stipulated. From this stipulation it appears that during the years 1913 to 1918, inclusive, the appellant made and sold large numbers of ventilators of the following design:

And such ventilators made and sold by appellant have been in public use since the year 1913. These ventilators are like the design shown in appellant's patent in every respect except that the base is not flared. It is further conceded that in said year 1913 Louie Klima, the patentee, was general manager of the appellant company. It is also stipulated that one J. J. Sobolik, of Cresco, Iowa, doing business under the firm name of Queen Cupola Manufacturing Company, has continually, since a time prior to 1910, manufactured and sold cupolas of the following design:

That prior to 1910 the said Louie Klima, patentee of the patent in suit, was associated with said Sobolik in the business of manufacturing and selling cupolas of said design.

The drawing accompanying and forming a part of the specification in Klima's application for patent No. 50,624, and the exhibits tendered by appellant in the District Court, present the following design:

having the bases thereof flared as in appellant's design; that Voss is also the owner of a second barn, constructed in 1895 and similarly equipped. Counsel for appellant seek to distinguish its structure from that of Voss in this particular, upon the ground that the Voss base is lower and less prominent than that of the patented design. This ignores the well-known principle that mere difference in dimension cannot add novelty to a new design, nor detract from the teaching of the prior art. The height of the base will generally be suggested by the pitch of the roof upon which the ventilator is superimposed. Appellant's design stands or falls in its entirety. The base, of course, is not claimed apart from the superstructure. Without finding it necessary to decide that the Voss structure, standing alone, is anticipation sufficient to render appellant's claim invalid, it is an important factor in determining whether the change in the base made in the patent design discloses patentable novelty and invention.

[2] The exercise of the inventive faculty is just as essential to the validity of a design patent as it is to that for any kind of mechanical device. Star Bucket Pump Co. v. Butler Mfg. Co. (D. C.) 198 F. 857; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; Knapp v. Will & Baumer (C. C. A.) 273 F. 380; Whiting Mfg. Co. v. Alvin Silver Co. (C. C. A.) 283 F. 75; Imperial Glass Co. v. Heisey & Co. (C. C. A.) 294 F. 267. In Strause Gas Iron Co. v. William M. Crane Co. (C. C. A. 2) 235 F. 126, the rule is thus stated: "The test for invention is to be considered the same for designs as for mechanical patents." Mere mechanical skill is insufficient. There must be something akin to genius—an effort of the brain as well as the hand.

[3] The great similarity between appellant's patented design and the structures of the prior art is strikingly apparent. In its opinion the trial court said: "I do not believe it can be said in this case that the application of the old flared base to the old top or superstructure rises to the point of anything more than the ordinary routine skill of a competent architect." With this statement, we agree. The change in form of the base involved no more than mechanical skill, as distinguished from patentable invention.

[4] It is urged that the new design has met with popular favor and acceptance, as evidenced by increasing sales. It does not appear, however, that this device has supplanted and superseded other forms. The latter are still made, sold, and used in large quanti-

It is conceded that appellees' structure is in all substantial respects similar to that of appellant, and that, if appellant's patent is valid, infringement is present.

It will at once be seen that the patented design is similar in all but one essential particular to that manufactured and sold by appellant itself, and to that of the Queen Cupola Manufacturing Company many years prior to the Klima application; also that the patentee was associated with both manufacturers and well aware of the public use made of their products. The one particular of difference, which is claimed by appellant to sustain its patent against anticipation, is that the base is "flaring" to conform to the pitch of the roof, instead of arising perpendicularly as in such prior structures. It is urged that this adds the element of beauty and novelty, which establishes validity.

[1] In this connection it is to be noted that the stipulation of facts shows that one A. R. Voss, of St. James, Minn., in the year 1898 constructed a barn equipped with ventilators

ties. "The mere fact that a patented article is popular, and meets with large and increasing sales, is unimportant, when the alleged invention is clearly without patentable novelty." Duer v. Corbin Cabinet Lock Co., 149 U. S. 216, 13 S. Ct. 850, 37 L. Ed. 707.

[5] There must be present a creative mental conception, as distinguished from "the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice." American Road Machine Co. v. Pennock & Sharp Co., 164 U. S. 26–41, 17 S. Ct. 1, 7 (41 L. Ed. 337); Hill v. Wooster, 132 U. S. 693, 10 S. Ct. 228; 33 L. Ed. 502; Western Willite Co. v. Trinidad Asphalt Mfg. Co. (C. C. A. 8) 16 F.(2d) 446–449.

[6] It follows, in our judgment, that the patent in suit is void for lack of invention. The charge of infringement need not, therefore, be considered.

The decree dismissing the bill was right, and is affirmed.