## HOWELL CO. v. ROYAL METAL MFG. CO.
### No. 6339.

Circuit Court of Appeals, Seventh Circuit.
Dec. 14, 1937.

Samuel W. Banning and Ephraim Banning, both of Chicago, Ill., for appellant.

Charles B. Cannon (of Belt, Wallace & Cannon), of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

LINDLEY, District Judge.

Plaintiff brought suit in the District Court to restrain infringement of design patent No. D–96183 of July 9, 1935, to Hoff-man for a chair. The master to whom the cause was referred held the patent invalid, and the District Court approved the report and dismissed the bill for want of equity.

The patent includes prospective views from the top, side, and front of a chair, said to be modernistic in design; the claim being for "the ornamental design of a chair as shown." The drawings show a chair with four legs, those in front being straight and those in the rear curving outwardly and downwardly in what is termed a "streamline" design. The frame is composed of two pieces, one of which constitutes the front legs and then is bent backward to help form the frame for the seat and then upward to form the frame for the back. The other piece begins with one rear leg, runs up to seat, then bends forward and around the seat to form a part of the latter, and finally bends down to form the other rear leg. In other words, one piece of the frame forms both front legs of the chair, the side rails of the seat frame and the frame of the back rest, and the other forms both of the rear legs of the chair and the horizontal outside rails and front rails of the seat frame. A cushion for the seat and one for the back are mounted entirely within the inner marginal edges of the frame of the chair.

The defendant contends and the court found that the patent is invalid because anticipated by and lacking invention over the two-piece chair frame of Austrian patent No. 684, granted July 1, 1899, to Tschofen. In this patent one piece of the frame includes the two front legs, two horizontal side rails of the seat frame, and the back frame; the other, the rear legs and side and front rails of the seat frame. These two structural pieces, constituting the legs, back and seat rails, are combined and utilized in a manner not in anywise different mechanically from the design of Hoffman and differ in appearance slightly from his design only in the curvature of the frame pieces. Tschofen curves each front leg slightly toward the front and each back leg, at the bottom, slightly to the rear. Hoffman pictures his front legs as running straight from the seat to the ground and curves the back legs outwardly from the frame to the rear in a more widely sweeping circle, and then carries them to the surface on which the chair rests in almost a straight line in their lower extremities. With Tschofen's design before him, Hoffman varied the same only by the difference in the curves and by

using somewhat shorter legs. The only essential variation, therefore, lies in the shape of the legs; those of Hoffman being free of more than one curve and having a more nearly socalled "streamlined effect." These legs, however, were shown in defendant's catalogue of 1933.

To entitle a party to the benefit of the statute, 35 U.S.C.A. § 31, the device must not only be new, but inventively new. The readaptation of old devices or forms, however convenient, useful, or beautiful they may be in their new roles, is not invention. Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606.

We are of the opinion that the present case comes within the rule thus announced, and that plaintiff's particular redesign or recreation exhibited no invention. In view of the prior art, only the ordinary skill of a designer of chairs was necessary, in order to achieve the design of the patent.

The decree of the District Court is affirmed.