KOCH MFG. CO. v. BLUE STAR AUTO STORES, Inc., and three other cases.
Nos. 6804–6807.

Circuit Court of Appeals, Seventh Circuit.
April 12, 1939.

Lynn A. Williams and Albin C. Ahlberg, both of Chicago, Ill., for appellants. ·

Fred Gerlach and Norman Gerlach, both of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and KERN-ER, Circuit Judges.

EVANS, Circuit Judge.

The patent covers a design for an automobile exhaust shroud. It was issued, April 13, 1937, for a term of fourteen years. The single claim reads:

"The ornamental design for an automobile exhaust shroud, as shown."

Herewith Figure 1 of the patent is reproduced showing the exhaust shroud and the location of a glass reflector jewel of specific shape and location.

Briefly stated Koch's conception was to place a glass jewel reflector on the sloping top side of an automobile exhaust shroud or deflector. Its eye appeal to automobile owners resulted in large sales immediately following its appearance. There is some question as to whether these sales in themselves are persuasive of public acceptance and approval. The possible influences of good salesmanship, costs, etc., are not entirely absent.

■ The record contains many exhibits of the prior art which leave little upon which plaintiff can base a claim of originality. Validity of a design patent must be backed by some originality, as well as by an eye appeal. Impossible would be any attempt to compare the amount of ingenuity and resourcefulness which evidences the inventive genius of him who creates designs of patentable novelty with the inventive originality which produces a patentable machine. The object and test of each are different. The test of the former is through the eye—the latter is to be found in the composition of the machine. Of the former, we inquire, How does it look? Of the latter, we ask, Does it work better, faster, cheaper or different than the old mechanism? Of course, both call for novelty and ingenuity which exceed the skill of the normal workman or mechanic in the given field.

While we have no yardstick, measuring rod or other standard to determine the degree or extent of the novelty attained, we who make up what is called the general public are so constituted that we are unable to apply any other than existing attainments as standards. Ours is the static state. We measure from the status quo. The inventor is the exponent of change—of improvement, perhaps—but in any case of change. Without some change there is no novelty and without novelty, no valid design patent. Slight changes of particular kinds, at times, make great appeal. Sometimes the greater, the more sensational impressions are traceable to slight modifications from existing practices. This is well illustrated by paintings, in color selections, color blendings, etc.

We are, however, here dealing with a rather simple matter—an ornamental design located in an automobile exhaust shroud. A glass jewel which reflects when a light is thrown on it, had, prior to plaintiff's efforts, been located on many parts of an automobile. Composite glass jewels about three inches in diameter had been attached to the rear parts of automobiles. Others of various sizes, shapes, and colors have been in use as reflectors and as ornaments on almost every imaginable part of an automobile—on bumpers, taillights, wheel hubs, on bands for directional purposes, on automobile horns, on radio caps, and on gas tank caps.

Exhaust pipe shrouds also were of different shapes and curves and usually ended near or at the rear of the car.

■ Moreover, we must keep in mind that the utility of the combination of the glass jewel and the exhaust shroud is not involved. Utility plays no part in determining the validity of a design patent.

Our inability to satisfactorily define a standard by which the originality and novelty of a design patent may be precisely

**600**

measured or to describe it with satisfactory clarity and specificity, is less unfortunate in these cases than it might be in other fields. For each article differs from every other. They are not even capable of being grouped. Consequently a rule—hewed out of judicial experiences in one art—could not be applied in another art or in a different, a less occupied field.

While we have not been able to demonstrate its soundness with mathematical certainty, we have definite impressions which in cases like the instant one, are our conclusions. We are convinced that plaintiff's design patent did not represent such an advance in novelty and originality over the crowded field in which it took its place as to entitle it to patent protection.

The decrees are affirmed.