## WESTERN AUTO SUPPLY CO. v. AMERI-CAN-NATIONAL CO.

### No. 8176.

Circuit Court of Appeals, Sixth Circuit.

Sept. 16, 1940.

Arthur L. Morsell, Jr., of Milwaukee, Wis. (Curtis B. Morsell and Arthur L. Morsell, Jr., both of Milwaukee, Wis., and Wm. O. Ballard, of Toledo, Ohio, on the brief), for appellant.

Charles W. Owen, of Toledo, Ohio (Charles W. Owen and Owen & Owen, all of Toledo, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

Appellant is accused of selling wagons that infringe appellee's United States Design Letters Patent No. 97,206 for a coaster wagon, granted October 15, 1935, upon the application of John G. Rideout. The District Court adjudged the patent valid and infringed and ordered an accounting. This appeal challenges the correctness of these holdings.

No claim is made that appellee's patent extends to any part of a wagon other than

the body, which is rounded in front and gradually narrowed rearwardly, and has a flange outwardly projecting from the top edge of the box wall, so beveled as to produce three flat surfaces each of which narrows from front to·rear,—the whole design imparting a streamlined effect.

At first the Patent Office rejected Rideout's application, on the ground that his design was not inventively distinguishable from the prior art, citing Eck's Design Patent No. 91,682, Fageol's Design Patent No. 70,010, and Item No. 35, page 47 of the "American Children's Vehicles" catalog, published by appellee in 1931, from which it appeared that the projecting top flange and the rounded front were in the prior art. However, after argument for reconsideration, in which applicant's attorney stressed the configuration and rearward narrowing of the body and top flange and indicated these to be the distinctive features of the design, the patent was issued.

Further light is shed on the prior art by two ·of the exhibits in the record that do not appear in the file wrapper and contents of the patent in suit: Blackmore's Design Patent No. 95,117 and Van Doren and Rideout's Design Patent No. 91,796. The former was for a skirt-type toy wagon, narrower in the rear than in the front, which also achieved a general streamlined effect; though the rim, or flange, was considerably wider than that on Rideout's wagon, the basic characteristic later utilized by Rideout, namely converging marginal lines, was nevertheless embodied. The latter, a sled design, also included the rearward narrowing with streamlining effect.

·The general nature and measure of contribution to be rewarded by grant of a patent monopoly were stated as early as 1882 by Mr. Justice Bradley, in Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438: "The design of the patent laws is to reward those who make some substantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts. Such inventors are worthy of all favor. It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention."·

■ The statutory requirements of novelty and originality[1] must be interpreted or construed in the light of the principles thus stated. If the variation sought to be patented is of such nature that it would naturally occur to one of average skill in the field, it is in reality in potential possession of the public, and to reward it with the monopoly of a patent would be out of. harmony with the purpose and intent of the statute. When the idea is adapted or derived by analogy from prior usage, or when it is embodied in a design resembling the prior art in general appearance or central theme, there is no patentable invention. "Mere mechanical skill is insufficient," said Brown, J., in Northrup v. Adams, 12 Off.Gag. 430. "There must be something akin to genius,—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention." See, also, Smith v. Whitman Saddle Co., 148 U.S. 674, 679, 13 S.Ct. 768, 770, 37 L.Ed. 606; Lempco Products, Inc. v. Timken-Detroit Axle Co., 6 Cir., 110 F.2d 307, 309; Howell Co. v. Royal Metal Mfg. Co., 7 Cir., 93 F.2d 112; Koch Mfg. Co. v. Blue Star Auto Stores, Inc., 7 Cir., 103 F.2d 598.

■ Applying these principles, we conclude that appellee's patent is invalid for lack of invention. The streamlined effect and the elements adapted and combined to produce it were known to the prior art; there was no such advance as constituted patentable invention. See Austin, The Patentable Invention, 84 Univ. of Pa. Law Rev. 943.

Nothing we said in Applied Arts Corp. v. Grand Rapids Metalcraft Corp., 6 Cir., 67 F.2d 428, is inconsistent with this conclusion. We there discussed degree of similarity in connection with the issue of infringement, while here the question is whether, the prior art considered, the patentee achieved such a difference of ap-

---

[1] "Any person who has invented any new, original, and ornamental design for an article of manufacture * * * may * * * obtain a patent therefor." U.S. C.A., Tit. 35, § 73.

pearance as rises to the dignity of invention. Cf. Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380; King Ventilating Co. v. St. James Ventilating Co., 8 Cir., 26 F.2d 357; Berlinger v. Busch Jewelry Co., 2 Cir., 48 F.2d 812.

■■■■ Appellee claims, and the District Court stated, that appellant had failed to overcome the presumption of validity arising from the grant of appellee's patent. We disagree. It is true that "the grant of letters patent is prima facie evidence that the patentee is the first inventor of the device described in the letters patent, and of its novelty." Cantrell v. Wallick, 117 U.S. 689, 695, 6 S.Ct. 970, 974, 29 L.Ed. 1017. It has been said that the issue of a patent is enough to show, until the contrary appears, that all statutory conditions have been met; that the burden of proving anticipation is upon him who alleges it; and that every reasonable doubt is to be resolved against the defense. Coffin v. Ogden, 18 Wall. 120, 21 L.Ed. 821; Barbed Wire Patent (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed Wire Co.), 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154; Adamson v. Gilliland, 242 U.S. 350, 37 S.Ct. 169, 61 L.Ed. 356; Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983, citing Cantrell v. Wallick, supra; Radio Corporation v. Radio Laboratories, 293 U.S. 1, 8, 55 S.Ct. 928, 79 L.Ed. 163. The doctrine of these cases has been generally applied when it has been sought to prove anticipation by oral testimony. Barbed Wire Patent, supra. Wigmore on Evidence, § 2498 (3d Ed.). But when proof of anticipation consists of drawings and claims of actual patents and admittedly prior publications, invalidity may be confidently determined despite the fact that letters patent have been issued. Moreover, the presumption of validity is more easily overcome when pertinent prior art was not cited or considered by the patent examiner, as in the instant case. Westinghouse Electric & Mfg. Co. v. Toledo, P. C. & L. Ry. Co., 6 Cir., 172 F. 371; France Mfg. Co. v. Jefferson Electric Co., 6 Cir., 106 F.2d 605, 608; Stoody Company v. Mills Alloys, Inc., 9 Cir., 67 F.2d 807, certiorari denied, 292 U.S. 637, 54 S.Ct. 718, 78 L.Ed. 1489.

■■■ As we entertain no doubt as to the invalidity of appellee's patent, there is no occasion to consider appellee's claim that his wagon "met with immediate success." Textile Machine Works v. Hirsch Co.,

302 U.S. 490, 58 S.Ct. 291, 82 L.Ed. 382; Toledo Co. v. Standard Parts, 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334; Rid-Jid Products v. Rich Pump & Ladder Co., 6 Cir., 103 F.2d 574. Nor is it necessary to discuss the issue of infringement.

The decree of the District Court is reversed and the bill dismissed.