## In re KALTER.

### Patent Appeal No. 4578.

Court of Customs and Patent Appeals.

Feb. 24, 1942.

Frank M. Slough, of Cleveland, Ohio (D. A. Gardiner, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This appeal involves, as the sole question to be determined, the patentability of a

716

claim in an application for a design patent for a cycle seat. Appellant's application for a patent was denied by the Primary Examiner of the United States Patent Office and upon appeal to the Board of Appeals the examiner's decision was affirmed. Appellant has here appealed for a hearing and a determination of such appeal.

The claim reads: "The ornamental design for a Cycle Saddle, substantially as shown and described."

The references relied upon are: Quirk, 133,952, Dec. 17, 1872; Buckley, 274,715, Mar. 27, 1883; Hubbard, 423,157, Mar. 11, 1890; Deem, 1,157,512, Oct. 19, 1915; Adams, 1,867,723, July 19, 1932; Adams, 1,897,411, Feb. 14, 1933; Lobdell, Design 102,281, Dec. 8, 1936; Page 24, "Chart of Shapes," Tulip, Swartchild and Co., Catalog No. B-232, Sept. 23, 1935.

We here reproduce appellant's drawing of the design which accompanied the application:

*Fig. 1*

*Fig. 2*

*Fig. 3*

INVENTOR.
HAROLD E. KALTER
BY Frank M. Slough
HIS ATTORNEY.

Appellant points out in his application that the characteristic features of his design reside in the portions shown in solid lines.

The examiner in his statement following appeal to the board said:

"The alleged invention relates to a design for a cycle saddle, the essence of the design residing in the particular form of nose coil and association thereof with the front portion of the saddle.

"The disclosure was held unpatentable on the ground of lack of ornamental invention in view of the references.

"Deem presents the general combination in a cycle saddle, while Lobdell shows a nose coil in substantially the relation of applicant's with respect to the front portion of the saddle. Lobdell shows the ordinary circular shape of nose coil, but no exercise of the inventive faculty would appear to be required merely to change the shape of this reference to any other known or standard form in view of the variety of configurations embodied in coil springs in Quirk, Buckley, Hubbard, and the Adams patents. The 'Chart of Shapes', items E and G [octagon and 'tulip' shapes, respectively], was cited as showing the basic and the rounded or streamlined forms applied to applicant's nose coil in lieu of the ordinary circular shape. Such substitution of old forms appears lacking in patentable merit, because the mere use of one old element in place of another does not involve invention. In re Hopkins, 390 O.G. 5; 1930 C.D. 194.

"In connection with the use of well known and standard shapes in designs, Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380 should also be noted.

"The final rejection of the claim is therefore believed to have been in order and proper."

The Board of Appeals, in affirming the examiner in the rejection of appellant's claim, had the following to say:

"The claim was rejected as unpatentable on the ground of lack of ornamental invention over the references. The most pertinent references seem to be the patents to Deem and Lobdell. The Deem patent discloses a cycle saddle with the pair of coil springs shown at 3 in the drawing below the nose of the saddle. The Lobdell patent discloses a coil beneath and within the nose of the saddle in a similar arrangement to that of the applicant. The Lobdell patent is the closest to applicant's disclosure in that it has a single coil with several turns in the same location and in the same general arrangement as that of the applicant. The principal difference over this Lobdell disclosure appears to reside in the form or shape of the turns of the coil. The examiner has cited additional patents to show the general form or shape to be old but not in the combination with a cycle saddle structure.

"Appellant argues that the coil spring in Lobdell is circular as in the Deem patent and the cantle portion is curved to conform to the circular periphery of the front coil. It is argued that in applicant's design the generally hexagonal-shaped spring has about two-thirds of the spring disposed without the forward end of the cantle and about one-third enclosed within the forward end and that the portion which is exposed when combined with the forward portion of the cantle presents a lean, long appearance.

"It is believed that the different form of the turns does not amount to a patentable difference and that its combination with the cantle portion of the saddle does not constitute a new and patentable design over that disclosed in the references, particularly the patent to Lobdell.

"The decision of the examiner is affirmed."

Since there is no dispute as to what the drawings of the references show, it is unnecessary to reproduce or discuss them here and we think they are fairly explained in the decisions of the tribunals below.

Appellant in this court argues against the consolidation of the references in the manner made by the tribunals below and states:

"* * * To thus present the saddle, various changes had to be made in both the saddle seat and the nose coil of the prior art.

"First, a round nose coil gives an appearance of rotundity which contradicts any attempt at pointing streamlining and is its antithesis—therefore the roundness of said portion was rejected and a slanting narrow elongated coil was evolved which with the seat portion of the saddle nose had a narrow forward lean appearance. Moreover, at the same time, pointed edges were eliminated and all joining angles were rounded so that although a slender and lean appearance was secured, the aesthetic effect was not impaired by sharp edges.

"At the same time, the saddle seat nose portion was given a slender narrow gently sloped or forward slanted appearance and the slender nose coil combined therewith in such manner as to appear in over-all effect a continuation of the same whereby a distinctively pointing streamlined appearance of the saddle was achieved."

On this phase of the case, appellant concludes his argument by stating:

"Applicant believes that the Examiner's position, as substantiated by the Board of Appeals, that Applicant merely selected a shape such as Item G of the Tulip-Swartchild's catalog for his spring preferring the same to those shown in the patents to Adams, Quirk, Buckley and Hubbard, and used the same in the position shown in Lobdell is erroneous and ignores the inventive concept of a novel pleasing *appearance,* of the saddle nose, as conjunctively formed by the seat nose and spring nose portions.

"Furthermore, the Examiner's attempt to combine structures in a manner not heretofore contemplated by any one or suggested by any patentee involves a matter of design patentability and considerable revision would be necessary in such structures were the same to approximate even closely Applicant's design."

At the outset it should be recalled that the mere creation of a new design not shown in the art does not necessarily entitle one to a patent thereon. The creation of a new design by incorporating therein certain features disclosed in the prior art may or may not involve invention and, like all other patent monopolies, that granted for design patents requires the element of invention. Novelty alone is not sufficient and the sole question presented here is: Is appellant's design new, ornamental and useful and did it require inventive genius to produce it? That it is proper in the rejection of design patent claims to consolidate references showing different elements of the design has, as far as we know, never been open to question. In re Hopkins, 17 C.C.P.A., Patents, 808, 37 F.2d 755; In re Eppinger, 25 C.C.P.A., Patents, 843, 94 F.2d 401.

Appellant contends that even though the elements of his design are substantially shown in the references, combining them into a unitary and ornamental whole, required the exercise of the inventive faculty. This hypothesis embraces the real question at bar: Would the prior art references suggest doing what appellant has done? We agree with the tribunals below that no exercise of the inventive faculty was required to produce appellant's design. To take the elements of the prior art, pointed out in the decision of the board, and combine them as is suggested by appellant's drawing would, to one skilled in the art, be the obvious thing to do.

In Re Hopkins, supra [17 C.C.P.A. 808, 37 F.2d 756], which was one of the early design patent cases decided by this court, we pointed out:

"The fact that the several tribunals of the Patent Office have seen fit to rely upon different references does not necessarily argue that the Commissioner's decision is erroneous. We can see pertinent application in most, if not all, of the references. When all the references are considered, the lack of invention in applicant's design is emphasized.

"We agree with the solicitor and the Patent Office that the application here under consideration does not show invention over the references cited and the other applications of applicant referred to. Every shape of panel that can be devised upon which a cone type diaphragm or tympanum may be mounted is not necessarily patentable for cone shape loud speakers, which, since superseding the horn type, are shown to have a universal use and are quite common in the art."

This court there cited the case of Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380 (cited by the examiner in this case). In that case the court said: "The right to make any article round or square or in any other standard form or shape, is inherently open to all, and novelty cannot be predicated of a design for a square candle, instead of the ordinary round one."

Appellant urges the importance of the shape of the front end of the spring and the appearance of the saddle nose. The language of the court in the Knapp case, supra, is quite appropos to this question. Appellant, in view of the cited prior art, is not entitled to a monopoly on making cycle seats with a round nose coil and a slender, narrow, sloping-forward appearance, nor is he entitled to a monopoly on a combination including therein the particular shape of the spring (hexagonal), because these features were old in their respective arts, and were open for the use of all who wished to construct a cycle seat such as appellant has devised.

Believing as we do that it would not require the exercise of the inventive faculty, in view of the considerations hereinbefore enumerated, to produce appellant's design, the decision of the Board of Appeals should be, and it is, affirmed.

Affirmed.