## MURDOCK et al. v. VAUGHAN NOVELTY MFG. CO.

### Nos. 7939, 7940.

Circuit Court of Appeals, Seventh Circuit.

Nov. 12, 1942.

Edward A. Haight and Casper W. Ooms, both of Chicago, Ill., for appellants.

Warren C. Horton and Leon F. Shackell, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Plaintiffs are husband and wife, doing business as partners under the name of M. & M. Manufacturing Company. Their original complaint herein, filed on November 13, 1940, charged the Vaughan Novelty Manufacturing Company and Harry L. Vaughan, its president, with infringement of United States design patent No. 119,867, to James A. Murdock. The patent was issued April 9, 1940, upon an application filed February 12, 1940. On May 1, 1941, they amended their complaint by also charging the defendants with infringement of United States patent No. 2,240,410, to James A. Murdock, which patent was issued on April 29, 1941, upon an application filed June 18, 1938.

The defendant, Harry L. Vaughan, was never served with process. He and his wife owned more than ninety-five per cent of the capital stock of the defendant company. The company by its answer raised the usual patent defenses, and by counterclaim asked that plaintiffs be restrained from suing and threatening to sue defendant's customers, and also asserted ownership of the patents in suit because of James A. Murdock's former employment by the defendant company. It further prayed that the defendant company be adjudicated the owner, not only of the patents in suit, but of every other patent and patent application conceived or invented by Murdock dur-

ing the term of his employment by it. It further asked an accounting and for the appointment of a receiver of the plaintiff partnership.

To the counterclaim, plaintiffs pleaded a general release agreement by the company. To this the defendant company rejoined that such release was invalid because executed by Harry L. Vaughan without its authority, and because of concealment of material facts by Murdock from the defendant.

Upon these issues and the evidence adduced, the court held that the design patent was invalid for lack of invention, and from that ruling there has been no appeal. The court further held that the structure patent lacked invention over the prior art, and denied relief upon the counterclaim. Findings of fact and conclusions of law were entered by the court, and upon these there was a judgment of dismissal of both the complaint and the counterclaim, and from these rulings both parties appeal.

The validity of the structure patent, No. 2,240,410, is the sole question presented by plaintiffs' appeal. The court held that this patent lacked invention over the prior art patents to Jordan, No. 343,522; De-Vault, No. 2,106,796; and Brock, No. 193,-220. The patent relates to paring knives having blades adapted to locate themselves on the articles to be pared so as to limit the thickness of the paring and to automatically follow the contour of the articles as the blades are moved in contact with it. The object of the patent is to provide a simple, effective and inexpensive paring knife of this type in which the blade is located completely beyond its supporting handle so that the handle in no way interferes with the function of the blade.

The knife comprises a handle which may suitably consist of a strap of metal bent into the form of an elongated hollow frame. The ends of the strap may be bent into overlapping relation to form the haft of the handle. These ends are secured together by spot-welding, or in any suitable manner, and the handle may comprise a relatively small portion at its outer end. The blade member comprises the cutting blade and a pilot bar, which is rigidly secured to the blade in advance of the cutting edge. The blade head may suitably be formed from a cradle shaped piece of steel in which is formed a longitudinal slot which separates the blade from the pilot bar. The blade is ground on the outer side of the cradle formation to provide a flat face, the projection of which is in slightly spaced relation to the pilot bar. Thus, if the blade head is moved over the surface of the article to be pared, the blade tends to move into the article to a certain extent and to pare off a peeling of limited thickness.

The blade and the pilot bar are located in substantially parallel relation and are connected by a prow-shaped portion and the socket portion. The prow is preferably sharpened so that it may be used for coring purposes. The socket portion receives a spindle and is rigidly secured thereto by spot-welding or in other suitable manner. This socket extends in rotatable relation through an opening in the haft of the handle. The stem extends through the handle and projects freely through an opening in the flat portion of the handle. The blade assembly is secured in the handle so as to enable the blade to rotate freely about the axis of the stem. Thus the extremity of the stem may be upset beyond the flat portion of the handle, and the stem may be deformed on the inner side of the flat portion of the handle to form ears in such manner as to insure the free movement of the blade assembly in the handle.

The prior art patents upon which the District Court relied in holding this patent invalid were file wrapper references. Because of this fact we start with the presumption, as did the District Court, that this patent is valid as against those citations. However, this is not a conclusive presumption, it is a rebuttable one. It should not be lightly disregarded and should be followed by the courts as against all unreasonable doubts. If, however, the court is convinced from the evidence beyond reasonable doubt that the disclosure amounts to nothing more than mechanical skill, in view of the prior art cited, the court is at liberty and it is its duty to so hold.

All of the elements of this patent are old, and before it can be invested with validity its disclosures must produce a new result, or, under judicial interpretation, they must produce an old result in a more facile, efficient and economical manner.

The Brock patent discloses a free and unimpeded blade projecting from one end of its handle and is calculated to be used in the manner of the conventional paring knife. The blade is concavo-convex in its transverse section, and is slotted. Either or both sides of the slot are formed with

a cutting edge so as to bring the cutting edges flush with the convex surface of the blade, and upon the end of the slotted blade is formed a coring-point. The device is both a parer and a corer, and the blade is not rotatable except as the entire device is rotated by the operator's wrist. This is pointed out by plaintiffs as a shortcoming of Brock which is eliminated by Murdock. However, the shortcoming is due to the dual function of Brock's device as a parer and a corer.

Murdock did accomplish the elimination of the wrist movement in Brock, and he did it merely by pivoting Brock's blade, but when he pivoted the blade "so as to enable it to rotate freely about the axis of the stem" he also eliminated Brock's function as a corer, and styled it "a paring knife", both in the claims and specifications. True, he discloses, without claiming, a pointed or prow-shaped portion at the outer end of the pilot bar, preferably sharpened so that it may be used for coring and boring purposes. He stresses care in assembling his device "to ensure the free movement of the blade assembly in the handle." However, if this teaching be followed, the device loses its function both as a corer and borer, because of the rotating handle. This was quite apparent to Murdock, for, in his commercial device, he placed stops adjacent the socket portion so that after a very slight rotation of the blade it would become just as non-rotatable as Brock's, and no longer was his blade enabled "to rotate freely about the axis of the stem." We are forced to the conclusion that Murdock disclosed nothing but a pivoting of Brock's blade.

However, both Jordan and DeVault disclose blades pivoted at each end. In the former the axis of the blade is in longitudinal relation to the handle, and in the latter that relation is transverse. Appellants urge the following disadvantages of the Jordan structure. They say that Jordan's blade-supporting yoke and the legs in which the blade is pivoted project into the operating plane of the knife, thus requiring constant attention of the operator to prevent any part of the supporting structure from contacting the vegetable. This is true in a greater or less degree with respect to all the prior art before us. Each requires proficiency of the operator to accomplish the best results. This is also true of the patent because the handle lies in the horizontal plane of the blade and unless care is used the vegetable will contact the inner end of the handle. This is especially true with respect to appellants' commercial device, for, in that device, instead of bending the ends of the handle strap into an overlapping relation as suggested in the specification, and as shown in the drawings, Murdock extends them upward almost to the cutting part of the blade in order to limit the free rotation of the blade about the axis of the stem, which in the specification he says should not be limited.

Appellants further urge that the Jordan device is difficult to assemble, and that its yoke is a complete waste of material. They also urge these objections to the DeVault device. We do not concede that these contentions are supported by a preponderance of substantial evidence, but be that as it may, we agree with the District Court that whatever Murdock disclosed in his patent to remedy the alleged defects of the art, it did not rise to the dignity of patentable invention. To hold otherwise, we think, would cast an unwarranted reflection upon the skill of the art.

Appellants further urge that the commercial success of their device ought to sustain its patentability. Such evidence is of no avail where, as here, we have no doubt as to its invalidity. We affirm the District Court's decree with respect to cause No. 7939.

In defendant's appeal from the court's ruling on the counterclaim it is sufficient to say that the general release agreement was a complete defense to it, if Vaughan, the president of the Company, had authority to execute the release and provided further that there was no concealment of material facts from Vaughan.

The District Court heard considerable evidence on these issues and it decided that, because of the past conduct of the Company and of Vaughan, he had authority to sign the release. The court further found that at the time of the execution of the release Murdock had not concealed any material facts from Vaughan. These findings are based on substantial evidence. We cannot disturb them, and as a matter of law, we think the court did not err in ruling that Vaughan signed the release with authority.

The decree with respect to appeal No. 7940 is affirmed. The costs of the action in the lower court and on the appeals in this court are ordered to be paid one-half by the plaintiffs and one-half by the defendant.