## CAPEX CO. v. SWARTZ.
### No. 9405.

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1948.

William A. Snow and Charles W. Rummler, both of Chicago, Ill., for appellant.

Harry H. Hitzeman, of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a judgment of validity and infringement of design Patent No. 132,997 granted to Pease July 7, 1942, upon application filed March 2, 1942.

The patentee claimed "The ornamental design for a game board or similar article, as shown." The drawing discloses a substantially square board on which are depicted ten bowling pins arranged in the usual bowling-alley formation. The area

above the pins is colored blue, and that below the pins, red. Around the neck of each pin is a collar of red. On the fronts of the three foremost centrally placed is a pair of oval blue areas on which in turn are cross marks in black. Various numerals and written phrases appear likewise on the drawing, but these were removed from the scope of the patent by the patent office and constitute no part of the claimed invention. The design represents a game board against which darts are supposed to be thrown, the scoring system of the game corresponding to that of the game of bowling.

Under the pertinent statute, U. S.C.A. Title 35, § 73, any person "who has invented any new, original, ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof" may have a patent therefor. Obviously, such a patent, in order to be valid, must disclose a design "new, original, and ornamental," unanticipated and inventive in character. Zangerle & Peterson Co. v. Venice Furn. Novelty Mfg. Co., 7 Cir., 133 F.2d 266; Howell Co. v. Royal Metal Mfg. Co., 7 Cir., 93 F.2d 112; Taylor Instrument Co. v. Fee and Stemwedel, Inc., 7 Cir., 129 F.2d 156; and Battery Patents Corp. v. Chicago Cycle Supply Co., 7 Cir., 111 F.2d 861, 863. Under these and similar authorities in other circuits, designs must be tested by their "over-all esthetic effect." The law applicable to them does not differ from that applicable to other patents. A mechanical patent must disclose inventive novelty and utility; a design patent, inventive originality in design and ornamentation. Both require novelty, originality and inventive character.

Pease disclosed a design of bowling pins of conventional character, arranged in a conventional set-up against blue and red background. Gattrel, in Patent No. 128,-368, July 22, 1941, claimed an "ornamental design for a game board." He, too, disclosed a square or rectangular board on which were depicted ten bowling pins, so designed and placed as to supply a scoring system in a dart game of skill. He placed the words he employed in places other than those where Pease located them. Sargeant, in No. 127,974 (issued April 21, 1941) likewise patented a design for a dart game board upon which were pictured ten bowling pins arranged in conventional order. Munro, in Patent No. 2,303,573, (December 19, 1942) claimed "a target on which bowling pins are arranged as in bowling," the scoring being calculated from darts thrown, by the same method as in bowling. Other prior art patents disclosed drawings employing substantially the same idea. In addition, defendant offered evidence of employment of similar thought in certain prior uses. Indeed, the District Court found that "the plaintiff's patent is not the first to adopt the game of darts to bowling rules and methods of scoring" but it thought Pease had achieved invention by his specification of "strike areas." The determinative question is whether such specification was such an advance in design as to constitute invention in view of the prior art and in view of the status of the gameboard design art.

Mere mechanical skill of the artist is no more sufficient to constitute inventive art in the case of the design artist than in the case of the engineer. Battery Patents Corp. v. Chicago Supply Co., supra. The readaptation of old designs, however beautiful or ornamental they may be in their new roles, is not invention of design, Howell Co. v. Royal Metal Mfg. Co., supra, and Zangerle & Peterson Co. v. Venice Furn. Novelty Mfg. Co., supra, and in determining whether the patentee has exceeded the skill of the capable designer, all the pertinent references incorporating the various elements of the design should be considered. In re Kalter, 125 F.2d 715, 29 C.C.P.A., Patents, 858.

Considering the documents disclosing the prior art and the status of the art at the time Pease made his application, we think there is no evidence in the record justifying a finding of patentable invention. Bound by knowledge of what other designers of dart game boards had done, Pease, we think, was called upon to apply that knowledge, which in turn taught him all he disclosed, and the little he added fell far short of invention. The issue being within what we have previously said in the

cases cited, it follows that the patent is invalid.

The judgment is reversed.