**BRANDT CABINET WORKS, Inc. v. SILVERCREST INDUSTRIES.**

Civ. No. 1903.

United States District Court
W. D. Wisconsin.
Sept. 11, 1948.

Parker & Carter, of Chicago, Ill., and Stroud, Stebbins & Wingert, of Madison, Wis., for plaintiff.

Carlson, Pitzner, Hubbard & Wolfe, of Chicago, Ill., and Wilkie, Toebaas, Hart,

Kraege & Jackman, of Madison, Wis., for defendant.

STONE, District Judge.

In this action the defendant is charged with infringement of plaintiff's Design Patent No. 103,303 covering an ornamental design for an extension table "as shown".

Defendant had denied infringement and alleged that plaintiff's patent is invalid for lack of invention.

The patent itself consists simply, of pictures of the table and a claim to the design "as shown" without any characterization of the design or a statement as to its dominant features, except that it is described as an extension table.

The parties stipulated:

That the plaintiff is the owner of the patent in suit; that on September 8, 1945, it notified defendant of its alleged infringement; that plaintiff, in compliance with the provisions of Section 4900, R.S., U.S.C. Title 35, Sec. 49, U.S.C.A.Title 35, Sec. 49, has marked its tables with the number of Design Patent No. 103,303 since the issuance of said patent; that the Illinois Rockford Corporation of Chicago, Illinois, on October 27, 1938, and the Wilson-Jump Company of Chicago, Illinois, on September 15, 1941, ceased the manufacture and sale of tables alleged to infringe and consented to decrees admitting validity and infringement of the patent in suit and to issuance of injunctions against them; that the defendant is now and has been during the period of six years last pending the institution of this suit, making and selling tables referred to as models GM4, GM46, GM47 and GM48. Model GM4 is illustrated in the printed circular attached to plaintiff's answer to defendant's motion for a more definite statement, filed herein.

It appears from the evidence that the plaintiff, a corporation with its office at Hagerstown, Maryland, during the period from the latter part of 1936 to December 31, 1947, sold 41,105 tables manufactured under the patent in suit, for which it received $1,780,523.27; that its tables were sold at wholesale prices varying from $59 to $75 each, and that the sales of such tables constitute about 10% of the company's total business.

The defendant it a Wisconsin corporation, organized in May 1945, with offices at Superior, Wisconsin, where it operates a small furniture factory, its principal product being the two forms of extension table designated Exhibits No. 6 and No. 20. Exhibit No. 6, a four-pedestal table is alleged to infringe plaintiff's patent in suit. Plaintiff has specifically acknowledged that Exhibit No. 20, a three-pedestal table, does not infringe the patent in issue. In 1946 defendant's factory was virtually totally destroyed by fire. For a short time before its factory was burned, the defendant manufactured and sold a four-pedestal extension table generally similar to the accused, table, Exhibit No. 6.

Plaintiff's patent shows four views of a drop-leaf wood table without designating any particular color or finish; two of the tables with the leaves down and two with the leaves up. There is no disclosure of the table in its extended form, although it is entitled "Extension Table". The table is shown with four pedestals, the two innermost of these being joined by a pair of spaced apart turnings. Each pedestal comprises a tapering plank-type pilaster and an underlying pilaster block which is unitary with a pair of splay legs terminating n castered brass feet. The drop leaves have straight edges and rounded corners, without edge-banding or veneer.

Exhibit No. 19, referred to herein as an antique, is a four-pedestal extension table of the 18th Century Sheraton design. It was imported from England in 1927 and prior to the date of the application for the patent in suit. This table has the four-pedestal arrangement, with pedestals of plank form with splay feet, with ornamental "reeding or fluting". It has drop leaves with rounded corners, the stretcher between the innermost pedestals in a single board mounted edgewise.

The defendant's table, Exhibit No. 6, was designed by Frank I. Johnson, a prominent furniture designer of Rockford, Illinois. In making the design, he, as was the practice of other furniture designers, obtained his knowledge of furniture from books, publications and museums and a study of basic styles, designs and characteristic ornamentations, proportions and configura-

tions originated by classical furniture designers such as Sheraton, Hepplewhite, Duncan Phyfe. With this knowledge obtained from such research and studies, he designed defendant's table using the designs or appearance features of the antique table of the 18th Century Sheraton design. Defendant's tables are of the good or the upper bracket quality and sells to the trade for $70 each. It is a four-pedestal extension table. The two center pedestals are joined by a flat shaped stretcher and not by turnings as in plaintiff's table. The shape and ornamentation of the pedestals are distinctly different from that of the pedestals in plaintiff's patent. The shape of the drop leaves is also different from that of the drop leaves in the patent in suit.

The designed features and the overall appearance of the accused table and the plaintiff's design patent are found in Exhibit No. 19, the "Antique Table", which table was pictured and illustrated in the February 1930 issue of Good Furniture and Decoration. It is almost an exact reproduction of the antique, reduced in size, with no material departure from the formal structure.

The essential differences between defendant's table, the patented design, and that of the antique table, are correctly tabulated in defendant's brief as follows:

| Feature | Patented Design | Antique Table Exhibit 19 | Defendant's Accused Table Exhibit 6 |
|---|---|---|---|
| Stretcher | Two laterally spaced turnings | Single board mounted edge-up | Single board mounted face up as a flat platform |
| Pilaster, General Form | Plank type but tapering toward the top | Plank type with no taper | Plank type with no taper |
| Pilaster Ornamentation | Formed with raised strip of molding or bead along upright edges | Formed with chamfered or rounded-off upright edges | Formed with chamfered or rounded-off upright edges |
| Pilaster Block | No separate block shown in patent. Portion formed integral with splay legs and of same thickness performs function of block. | Noticeably thicker than pilasters or splay legs—stands out | Noticeably thicker than pilasters or splay legs—stands out |
| Splay Leg, General Form | Contour broken sharply on top and bottom surfaces adjacent pilaster block. | Merges gracefully into pilaster block | Merges gracefully into pilaster block |
| Splay Leg Ornamentation | A slight reed at each edge of top surface, leaving wide smooth band in between. | Entire top surface reeded longitudinally | Entire top surface grooved or "molded" longitudinally |

794

■ From a comparison of the table pictured in the plaintiff's patent, and the antique, it appears that the antique anticipates in all material respects the table design features shown in the patent in suit. Both tables are extension tables, supported on four pedestals, the two innermost pedestals being tied together by means of a stretcher member. In both tables the pedestals include the same or closely similar parts. Each table has drop leaves with straight lower edges and rounded corners. The tables are the same in all basic design aspects, differing merely in size. A mere change in size does not constitute invention. King Ventilating Co. v. St. James Ventilating Co., 8 Cir., 26 F.2d 357.

■ While the plaintiff has shown evidence of commercial success, that cannot be substituted for the lack of invention. Murdock v. Vaughan Novelty Mfg. Co., 7 Cir., 131 F.2d 258, 260.

■ The prior adjudications based upon consent decrees have little or no value in determining the issues in this action, of the validity of the patent and its infringement.

The issues here must be determined on the facts disclosed by the proof of the parties, and not on the facts developed in other proceedings involving the plaintiff and other defendants and other table designs.

There is no showing in the proof submitted by plaintiff of confusion on the part of the customer between the accused table and the plaintiff's patented table, during the time both tables have been on the market.

■ An important test for infringement in design patent cases was defined in Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U. S. 511, 20 L.Ed. 731, as follows: "We hold, therefore, that if in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

In Sears, Roebuck & Co. v. Talge, 8 Cir., 140 F.2d 395, the court held: "The application of this test involves two considera-tions: first, to infringe, the identity of appearance, or sameness of effect as a whole upon the eye of an ordinary purchaser must be such as to deceive him, inducing him to purchase one, supposing it to be the other, * * * and, second, to infringe, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art."

It is clear from the evidence submitted that the design of the accused table differs materially from the design patent in issue, and is readily distinguishable by the ordinary purchaser from the table shown in said patent.

■ Plaintiff's patent in suit is invalid and void, and defendant's table Exhibit No. 6, does not infringe said patent.

Defendant may have judgment against plaintiff dismissing its complaint with costs.