**DOMINION ELECTRIC CORP. v.
McGRAW ELECTRIC CO.**

Civ. A. No. 6378.

United States District Court
N. D. Ohio, W. D.

Nov. 16, 1951.

Woodling & Krost, Bruce B. Krost, Cleveland, Ohio, Harley A. Watkins, Toledo, Ohio, for plaintiff.

Charles W. Owen, Carl F. Schaffer, and Allen Owen, Toledo, Ohio, for defendant.

KLOEB, District Judge.

The Dominion Electric Corporation, of Mansfield, Ohio, brings this action against the McGraw Electric Company, of Fostoria, Ohio, charging infringement of its Design Patent No. 157,317, issued February 21, 1950, and, in addition thereto, charges the defendant with unfair competition and alleges that a secondary meaning has attached to its device.

The defendant company is the owner of the Bersted Manufacturing Company of Fostoria, Ohio, and plaintiff and Bersted manufacture and sell electrical household appliances, including electric corn poppers. which are the subject-matter in suit.

Early in the year 1948, the plaintiff company, at the request of the Sears-Roebuck Company of Chicago, began work, through its chief engineer Clare E. Applegate, and its draftsman Mr. William Kolb, working under the direction of Mr. Applegate, on the design of an electric corn popper that might meet the requirements of the Sears-Roebuck Company in its retail trade. Design Patent No. 157,317 (Plaintiff's Exhibit P), was the result of these efforts. This corn popper was manufactured in volume and placed on the market through the Sears-Roebuck Company in the Fall of 1948, and the Sears-

Roebuck Company continued to purchase and sell this particular design of popper for a period of approximately two years thereafter. During this time it sold some two hundred thousand of these poppers.

Simultaneously with the manufacture and sale of the popper in question to the Sears-Roebuck Company, plaintiff manufactured and sold to other of its customers a popper of similar design but with a glass cap manufactured by the Anchor Hocking Glass Company. It is well to note that United States Patent No. 157,317 is for "the ornamental design for an electrical corn popper, or similar article, *substantially as shown*". It is this latter popper sold to Sears-Roebuck that is in suit.

At the conclusion of the trial, the Court sustained a motion of the defendant company directed to the questions of unfair competition and secondary meaning, thereby dismissing these questions, and, at the same time, discussed infringement and the question of validity of the patent in suit, which is made an issue by way of answer. See Record, pages 192 to 200. In discussing the question of infringement, the Court referred to Exhibit P, the popper in suit, and to Exhibit Q, the alleged infringing popper, and said the following (Record, page 195): "But laying aside that difference, and the difference between the feet, which is pronounced, and the difference between the handles, which is pronounced, and the difference between the cap of item P that was sold to Sears, and the standard cap on item Q, upon a long distance glance there is a similarity between the two products that might lead the Court or any like observer to believe that there has been an attempt at infringement. Looking at the items as a whole, there is a striking similarity. So much for that issue."

The Court did not then intend to analyze the charge of infringement or to conclude that defendant's popper does infringe plaintiff's popper, but did desire to note that, in the opinion of the Court, there appeared to be a similarity between the two products. The Court came to that conclusion well knowing that the feet, the handle and the top of the alleged infringing device were different from the feet, the handle and the top of the patented device. There was and is a similarity in overall appearance that, in the opinion of the Court, would appear to a prospective purchaser either upon having a look at the two items on the counter of a store or upon looking at a cut in a newspaper advertisement. The Court, however, has no intention of passing upon the question of infringement because he believes that such an analysis and conclusion is unnecessary under all the circumstances.

Let us turn to the question of the validity of the patent in suit.

It is quite apparent that plaintiff, in designing its electric corn popper, supplied feet as a matter of utility and that are old in the art, and supplied a pistol grip that is old in the art, and attached them to the designed body. It is quite apparent that defendant, in the design of its device, did likewise. It took the feet from a design of a waffle iron that it had manufactured and sold for some years; it selected a pistol grip that is old in the art (Hons Patent No. 2,289,498, among others); and it provided a body in such dimensions as would accommodate the glass cap that is manufactured and sold by the Anchor Hocking Glass Company for use on this as well as plaintiff's device, and on devices such as defendant's Exhibit 21, a popper manufactured and sold by the Kwik Way Company of St. Louis.

In the opinion of the Court, the body of plaintiff's device is substantially of the same design as the design of a double boiler that was advertised and sold by the Sears-Roebuck Company in the Fall and Winter of 1936 and 1937 through its catalogue No. 173, which is here known as defendant's Exhibit No. 9.

We, therefore, have a device in suit that is designed with feet and grip that are old in the art, a body that is old in the art and that utilizes the electrical principle of corn popping that is old in the art.

Plaintiff relies on J. R. Wood & Sons, Inc. v. Abelson's Inc., 3 Cir., 74 F.2d 895, in which we find the following: "At risk

312

of needlessly restating the commonplace in design patent law and the elements constituting invention, we note that such a design must be *novel,* beautiful, appealing to the eye, and causing a buying demand for the design. * * * The above extracts, and others that might be made, satisfy us beyond question that the design was *novel,* beautiful, appealing, and *an original creation,* and the design patent was rightfully granted." (Emphasis by the Court.)

Plaintiff also relies on Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 106 F.2d 554, 559, in which we find the following: "In the mechanical field, there must be novelty and utility; in designs, there must be originality and beauty."

The Court agrees that plaintiff's design is appealing to the eye and that this appeal resulted in a buying demand, but the Court cannot agree, in light of the prior art, that the design is novel and that it produces an original creation that goes beyond mere mechanical skill.

In Smith v. Whitman Saddle Co., 148 U.S. 674, at page 679, 13 S.Ct. 768, at page 770, 37 L.Ed. 606, we find the following: "To entitle a party to the benefit of the act, in either case, there must be originality, and the exercise of the inventive faculty. In the one, there must be novelty and utility; in the other, originality and beauty. Mere mechanical skill is insufficient. There must be something akin to genius— an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful or beautiful they may be in their new role, is not invention."

In the Forestek Plating case, supra, the Court finds a dissenting opinion by Simons, Circuit Judge, that appears to have been followed substantially in the case of Western Auto Supply Co., v. American-National Co., 6 Cir., 114 F.2d 711 and in Cavu Clothes, Inc. v. Squires, Inc., 6 Cir., 184 F.2d 30. In the latter case, 184 F.2d at page 32, we find the following

statement: "* * * The construction to be given to the statutory requirements was stated by this Court in Western Auto Supply Company v. American-National Co., 6 Cir., 114 F.2d 711, as follows: When the idea is adapted or derived by analogy from prior usage, or when it is embodied in a design resembling the prior art in general appearance or central theme, there is no patentable invention; mere mechanical skill is insufficient; the adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention. The same view was expressed in Capex Company v. Swartz, 7 Cir., 166 F.2d 5, 6, wherein it was stated that a design patent must disclose inventive originality in design and ornamentation, and that mere mechanical skill of the artist is no more sufficient to constitute inventive art in the case of the design artist than in the case of the engineer. In F. I. A. T. v. A. Elliott Ranney Co., 2 Cir., 249 F. 973, it was pointed out that the test of invention in design patents is precisely like that in mechanical, the question being whether it was beyond the powers of the ordinary designer."

The design of the double boiler, defendant's Exhibit 9, which is old in the art, appears to be in substantial conformity with the design of the patent in suit. There would appear to be no invention involved in taking the double boiler design and applying a grip and feet that are old in the art because, as our Sixth Circuit Court of Appeals has repeatedly said, "mere mechanical skill is insufficient". Therefore, the bill of complaint is dismissed as prayed for in the answer of the defendant, and defendant may have judgment for costs sustained but not including attorney fees.

Defendant may submit findings of fact and conclusions of law drawn in accordance with this memorandum opinion, within ten days; plaintiff may file its exceptions or suggested additions thereto within ten days thereafter.